335 F.2d 828
 Katherine S. FOSTER and Brooke H. Duncan II, Appellants,
v.
Stewart L. UDALL, Secretary of the Interior, Chesley P.
Seely, State Director for the State of New Mexico, Bureau of
Land Management, Department of the Interior, and Douglas E.
Henriques, Manager of the United States Land Office, Santa
Fe, New Mexico Bureau of Land Management, Department of the
Interior, Appellees.
 No. 7667.
 United States Court of Appeals Tenth Circuit.
 Aug. 17, 1964.
 
 S. B. Christy IV, Roswell, N.M. (Hinkle, Bondurant & Christy, Roswell, N.M., with him on the brief), for appellants.
 Grace Powers Monaco, Atty., Dept. of Justice, Washington, D.C. (Ramsey Clark, Asst. Atty. Gen., Washington, D.C., John Quinn, U.S. Atty., Albuquerque, N.M., John A. Babington, Asst. U.S. Atty., Albuquerque, N.M., S. Billingsley Hill, Atty., Dept. of Justice, Washington, D.C., with her on the brief), for appellees.
 Before PICKETT, LEWIS and SETH, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 Appellants sought to enjoin the Secretary of the Interior and other officials in the Department from rejecting an offer for an oil and gas lease filed by appellants, and to enjoin the issuance of a lease on the same lands to other applicants. Appellants and appellees both filed motions for summary judgment. The trial court entered judgment on the motions against appellants, and they have appealed.
 
 
 2
 Under the Mineral Leasing Act of 1920, 30 U.S.C. 181-236, the Secretary of the Interior is empowered to issue oil and gas leases on certain types of public lands. If the Secretary has exercised his discretion and has decided to lease lands not within a known geological structure, he is required by law to issue the lease to the first person to make application who is qualified to hold a lease. Under the procedure adopted by the Secretary, if two or more persons simultaneously file offers to lease the same lands, a drawing is held to determine the successful offeror. In the case at bar, there were a number of such simultaneous filings, a drawing was held, and appellants' application was given first priority. The applicant holding the second priority protested, was denied relief, and appealed through administrative channels to the Secretary of the Interior, who held that the award of first priority to appellants was erroneous. The basis for the protest of the applicant holding second priority was essentially that a Mr. Bell was acting for the appellants with respect to the offer to lease, and that no separate statement of such agent's interest was filed as the protestant urged was required by 43 C.F.R. 192.42(e)(4). The Secretary in his decision construed the regulation and the contract between the appellants and Mr. Bell, and found that the separate statement of the agent's interest should have been filed. The appellants alleged in their pleadings that the appellees are now prepared to award the lease to the applicant holding the second priority.
 
 
 3
 The trial court concluded that Mr. Bell was a person who had been authorized to act with respect to appellants' offer under the regulations, and a separate statement should have been filed. The regulation here concerned (43 C.F.R. 192.42(e)(4)) reads in part:
 
 
 4
 '(4) If the offer is signed by an attorney in fact or agent, or if any attorney in fact or agent has been authorized to act on behalf of the offeror with respect to the offer or lease, separate statements over the signatures of the attorney in fact or agent and the offeror stating whether or not there is any agreement or understanding between them, or with any other person, either verbal or written by which the attorney in fact or agent or such other person has received, or is to receive, any interest in the lease when issued, * * *.'
 
 
 5
 There was no statement filed as referred to in the regulation, and appellants say none was required.
 
 
 6
 The record shows that there was a written agreement called a service agreement between appellants and Mr. Bell, whereby he agreed for a fixed fee to advise appellants when suitable land was open for leasing, and to give his opinion as to the 'potential' of such land. Mr. Bell also agreed to file executed forms of applications for lease when signed personally by the appellants and transmitted to him accompanied by appellants' checks for the fees and rentals. The agreement also provided that Mr. Bell would 'offer its assistance' in expediting the return of checks from the Land Office if the appellants were unsuccessful in the filing. Mr. Bell under the contract also agreed to advise appellants as to the best means of developing the property should they get a lease. The agreement stated expressly that Mr. Bell had no interest in 'any offer to accept a non-competitive lease filed by the Client.'
 
 
 7
 The appellants urge that the term 'offer,' as used in the regulations quoted above and as in general use, means a proposal when communicated to the other party or, in this instance, when the Department's Form 4-1158 entitled 'Offer to Lease and Lease for Oil and Gas,' has been filed with a land office. They urge that the paper or form, before filing, has no legal significance, is just a draft or a form and does not become an 'offer' until it is filed; that filing is the first communication of the offer to the offeree.
 
 
 8
 The Form 4-1158 was the prescribed one for submitting applications to lease, and it contains both the application language and the lease terms in full, needing only the lessor's signature if the applicant is successful.
 
 
 9
 The regulation here concerned (43 C.F.R. 192.42(e)(4)) has been in effect as to its material provisions since 1952, but the Department of Interior has never before ruled as it did here that it covers authority given to a person to perform acts before the filing of an application to lease or offer, which is referred to as 'prefiling authority.' Thus there is no background of administrative interpretation, and the case is one of first impression. It further appears that the portion of the particular regulation here concerned has been eliminated, and instead the disclosure must be made if the offeror is not the sole party in interest. Thus the case is also one of 'last impression.' However, the case must be considered only on the basis of the regulations in effect at the times material. The decisions and regulations in other respects refer to the 'offer' after the form has been filed, and permit withdrawal, amendment and assignment of the 'offer' before it becomes a lease.
 
 
 10
 The agreement between appellants and Mr. Bell contemplated 'prefiling' activities and services by Bell which cannot be considered to create an agency or a representation by Bell of the appellants as to the offer after it is filed or to the lease. These services related to Form 4-1158 before it is filed and we hold that before such filing, it did not become an 'offer' within the meaning of the regulations here concerned. The record clearly shows that Mr. Bell had no interest in the offer after it was filed, and whatever duties he had with respect to the form ceased when it was filed and thereby became an 'offer.' He proffered his services as to the return of checks and advice on development, but these matters were not related to the offer or lease by way of interest, attorney in fact, nor agency as contemplated in the regulations. He had no powers or authority from appellants in this regard. The contract expressly states that Mr. Bell had no interest in the offer. Thus the service agreement contemplated only prefiling services, not an agency with regard to the offer, and these did not come within the regulations.
 
 
 11
 The appellants argue that the Department in its decision, David G. Berger, A-26331, 61 I.D. 51, July 31, 1952, represents a position contrary to that taken by appellees here. That decision stated in effect that an application for a preference right lease or a non-competitive lease is not effective until filed. In the cited decision there was a late filing because the application was returned once for postage due. The decision indicates that the form to be effective as an offer must be filed. There is no other way of communicating the proposal. This holding is not inconsistent with appellees' position, but it does show their attempt to extend by construction the regulations into an area where the paper which later becomes an offer has no legal significance as an offer or for any other purpose. The form is a true offer when filed as it contains all the details of the proposal; it is made known to the offeree, and needs only an acceptance.
 
 
 12
 The appellees argue that the regulation must be construed as they contend in order, as they say, to fill the 'gap' created by the DiRocco decision (Antonio DiRocco et al, A-26434, July 11, 1952). However, in the cited decision there was clearly an attorney in fact relationship and also an interest in the leases to be issued, combined with a pooling of interests. The 'gap' referred to by appellees is not apparent, and the cited decision is not significant as to the matter before us.
 
 
 13
 The appellees do not meet the argument of appellants as to the status of the Form 4-1158 at various times which is significant if the regulation is to be construed in accordance with accepted terminology and ordinary meanings. In ordinary usage in the law of contracts the proposal by the offeror is not effective and is not an 'offer' until it is made known to the party who thereby is in the position to accept or to reject the offer. 1 Corbin, Contracts, 11, pp. 23-26. The legal relations of the offeror cannot, under the circumstances here prevailing, be altered by an acceptance until the Form 4-1158 duly completed is filed or received by the land office. As Professor Williston has said, there is nothing that can be regarded as an offer which is not communicated. 1 Williston, Contracts 86 (Rev.Ed.); Restatement, Contracts 23, p. 28. Thus the proposal must be communicated and it is not effective until received if mailed. The decision, David G. Berger, A-26331,61 I.D. 51, cited above so holds. Thus the regulations here concerned must be taken to refer to the legally operative 'offer' and this is the Form 4-1158 when filed. Before filing, the form has no legal significance whatever. The words must be taken to have their accepted meaning and legal significance. To do otherwise is to cast aside all standards and guides for the applicants and practitioners. If the regulation is construed as the Deputy Solicitor stated and appellees here urge, the first subsection becomes meaningless. There would be no need to refer to attorneys in fact, if his construction of the second subsection is correct.
 
 
 14
 Thus we hold that Mr. Bell was not an attorney in fact or an agent, authorized to act on behalf of the offeror with respect to the 'offer' or 'lease.'
 
 
 15
 The decision of the trial court is reversed and the case is remanded for further proceedings in accordance herewith.