Albert WIELAND, Jr., Appellant,

v.

DANNER AUTO SUPPLY, INC., et al., Appellees.

No. 61123.

Supreme Court of Oklahoma.

June 26, 1984.

Rehearing Denied Oct. 23, 1984.

Clark Law Offices, Inc., Ardmore, for appellant.

Darryl F. Roberts, Roberts & Duncan, Ardmore, for appellees.

SIMMS, Vice Chief Justice:

Appeal by plaintiff below from the trial court's order denying plaintiff's motion to tax costs and attorney fees on a judgment by confession entered against defendants below pursuant to 12 O.S.1981 § 1101.

The parties will be referred to by their trial court designations.

Although plaintiff's original petition is not included in the record, it appears from the facts related by the parties that plaintiff, Albert Wieland, Jr., brought an action on November 6, 1981, against defendant Danner Auto Supply based on plaintiff's purchase of a motor and parts that were allegedly defective.

In his original petition, plaintiff apparently sought relief in the amount of

$1,193.27. Defendants Fliteline Motors, Inc., and Mid-American Industries, Inc., were joined as third-party defendants by defendant Danner Auto Supply on December 3, 1982.

While the theory of recovery set out in plaintiff's original petition is not apparent from the record, plaintiff in his amended petition filed March 31, 1983, sought to recover damages for defendants' breach of express and implied warranties.

The matter was set for jury trial on August 1, 1983. The defendants jointly filed an offer to confess judgment in the amount of $1,200.00 on July 29, 1983, with certificate of posting to plaintiff's attorney on July 27, 1983.

Defendants' offer to confess judgment was accepted by plaintiff August 1, 1983, on the record in open court as the trial commenced. Plaintiff then moved to tax costs and attorney fees on the judgment by confession entered against the defendants.

Plaintiff's motion for attorney fees and costs was briefed and argued before the trial court. On September 8, 1983, the trial court entered an order denying plaintiff's motion, holding that the acceptance of an offer to confess judgment made pursuant to 12 O.S.1981, § 1101, is a satisfaction of all claims a plaintiff may have against a defendant arising out of that same cause of action, including costs and attorney fees.

Plaintiff appealed the trial court's denial of his motion, alleging that the trial court erred in its determination that costs and attorney fees may not be taxed on a judgment by confession taken against a defendant under § 1101.

That statute, which provides for judgment by confession in an action for the recovery of money, does not address attorney fees. Recovery of costs is mentioned in § 1101 only with regard to the limited situation where a plaintiff rejects a defendant's offer to confess judgment and proceeds to trial, recovering judgment in an amount less than defendant's offer.

■ In *Dulan v. Johnston*, Okl., 687 P.2d 1045 (1984), decided on this date, this Court held that under 12 O.S.1981, § 928, a plaintiff who has accepted a defendant's offer to confess judgment pursuant to § 1101 may recover those costs allowed by statute that accrued prior to and including the date defendant's offer to confess judgment was received. Thus, plaintiff in this case is entitled to recover those costs.

The question of whether attorney fees may be taxed on a judgment by confession entered against a defendant under § 1101 is considered here for the first time by this Court.

■ Under the general rule or so-called "American rule" governing the award of attorney fees to a prevailing party, attorney fees are not ordinarily recoverable in the absence of a statute or specific contractual authority. *Peabody Galion Corp. v. Kropp*, Okl., 658 P.2d 1155 (1983); *Oklahoma Publishing Co. v. Miskovsky*, Okl., 654 P.2d 596 (1982).

Plaintiff argues that under 12 O.S.1981, §§ 936, 939, he is entitled to recover his attorney fees from defendants. These statutes provide in pertinent part as follows:

"In any civil action to recover on ... [a] contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is subject to (sic) the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." § 936.

"In any civil action brought to recover damages for breach of an express warranty or to enforce the terms of an express warranty made under Section 2–313 of Title 12A of the Oklahoma Statutes against the seller, retailer, manufacturer, manufacturer's representative or distributor, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." § 939.

Since the basis of plaintiff's claim is either an oral or written contract for the sale of goods, plaintiff is entitled to recover

attorney fees under § 936 if he is considered the prevailing party in this case. Similarly, plaintiff is entitled to attorney fees under § 939 if he is considered to have prevailed on his claim that the defendants breached express warranties.

■ Defendants argue that plaintiff may not recover attorney fees in this case as he is not a "prevailing party." We reject this contention.

In *Carter v. Rubrecht,* 188 Okl. 325, 108 P.2d 546 (1940), this Court held that a prevailing party is a party who prevailed on the merits, and a losing party, i.e., the party subject to the additional penalty of an attorney fee for his adversary, is the party who lost on the merits. Defendants would have us construe this definition of a prevailing party narrowly to include only a party who successfully obtained a judgment after a trial on the merits. We do not agree with this construction.

In *Parker v. Matthews,* 411 F.Supp. 1059, 1063 (D.C.1976), the court held that authority to award an attorney's fee to the prevailing party is not limited to situations where a party prevails only after a trial on the merits: "... [T]he operative factor is success, not at which stage or how that success is achieved ..." When judgment by confession is entered against a defendant, the plaintiff as recipient of the award is clearly the successful party.

A judgment by confession has the same legal effect as a judgment entered after trial by jury or to the court. 12 O.S.1981, §§ 689, 693; *Dulan v. Johnston,* supra. It comes under the general definition set out in 12 O.S.1981, § 681: "A judgment is the final determination of the rights of the parties in an action." Thus, a judgment by confession taken against a defendant under § 1101 is a final determination that a plaintiff has prevailed on his claim.

Therefore, §§ 936 and 939, directing that a prevailing party shall recover a reasonable attorney fee, are applicable in this case. Since these special statutes provide for recovery of the attorney fee, we find in accordance with our holding in *Dulan,* supra, that plaintiff may recover his reasonable attorney fees accruing up to and including the date defendants' offer to confess judgment was received.

Judgment of the trial court denying plaintiff attorney fees and costs is REVERSED and the cause REMANDED with directions to tax against defendants those costs recoverable by plaintiff under statute and his reasonable attorney fees as determined under the guidelines set out in *State, ex rel., Burk v. City of Oklahoma City,* Okl., 598 P.2d 659 (1979); such costs and attorney fees limited to those accruing prior to and including the date defendants' offer to confess judgment was received.

**REVERSED AND REMANDED WITH DIRECTIONS.**

BARNES, C.J., and LAVENDER, DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

HODGES, HARGRAVE and OPALA, JJ., dissent.