Sylas S. DULAN, Appellee and
Counter-Appellant,

v.

Mark J. JOHNSTON, Appellant and
Counter-Appellee.

No. 60731.

Supreme Court of Oklahoma.

June 26, 1984.

Rehearing Denied Oct. 2, 1984.

Rex D. Brooks, Oklahoma City, for appellee.

Gerald E. Durbin, II, of Durbin, Larimore and Bialick, Oklahoma City, for appellant.

SIMMS, Vice Chief Justice:

Appeal by defendant below from the trial court's award of prejudgment interest and costs on a judgment by confession entered against defendant pursuant to 12 O.S.1981, § 1101. Counter-appeal by plaintiff below from the trial court's determination that plaintiff's expert witness fees in this case were not taxable as costs. The parties will be referred to by their trial court designations.

On March 31, 1982, plaintiff, Sylas S. Dulan, brought a negligence action against defendant, Mark J. Johnston, seeking damages for personal injuries sustained in an automobile accident. The case was subsequently set for jury trial on June 13, 1983.

One week before trial, defendant filed an offer to confess judgment pursuant to 12 O.S.1981, § 1101. Plaintiff accepted defendant's offer and filed a motion to enter judgment on defendant's offer to confess judgment as well as a motion to assess prejudgment interest and to tax costs.

The trial court entered judgment on defendant's offer to confess judgment and plaintiff's acceptance thereof. The trial court also assessed prejudgment interest, apparently pursuant to 12 O.S.Supp.1983, § 727. Plaintiff was also awarded costs incurred prior to defendant's confession of judgment, consisting of his court clerk's fees, deposition expenses, and special process serving of subpoenas. The trial court did not allow expert witness fees for medical testimony to be taxed as costs.

I.

This case presents several issues of first impression for this Court. The first issue raised by the defendant is whether 12 O.S. 1981, § 1101 allows the recovery of costs by a plaintiff when judgment by confession is entered against a defendant.

The offer by defendant to allow judgment to be taken against him and the acceptance by plaintiff and entry of judgment by confession are governed by § 1101, which provides only the following for the taxing of costs:

"... If the notice of acceptance [of defendant's offer to confess judgment] be not given [by the plaintiff] in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned on the trial. If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer."

The statute expressly provides that a defendant may recover costs from a plaintiff who *rejects* a defendant's offer to confess judgment and subsequently recovers a judgment for an amount smaller than defendant's offer. Defendant argues that since § 1101 is silent as to the taxing of costs against defendant if plaintiff *accepts* defendant's offer and judgment is subsequently entered, this indicates a clear intent by the legislature not to assess costs against a defendant under these circumstances. Defendant's conclusion is not per-

suasive, however, for 12 O.S.1981, § 928, the general statute, controls in a case such as this one where plaintiff elects to take judgment against defendant under an offer to confess judgment.

Section 928 provides:

"Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific real or personal property."

Only in the limited situation where a plaintiff rejects a defendant's offer to confess judgment and then recovers a judgment for an amount smaller than the defendant's offer, would the specific provisions of § 1101 apply and control over the general statute.

We do not accept defendant's suggestion that § 1101 should be determined an expression of legislative limitation on § 928 so that § 928 would never apply to a judgment entered by confession.

■ Rather than thwarting the purpose of § 1101, which is to encourage judgments without protracted litigation, the recovery of costs will provide additional incentives to encourage a plaintiff to accept a defendant's offer to confess judgment, even if the offer is made shortly before trial as in this case. A defendant, of course, is encouraged by the statute to offer an early confession of judgment and avoid further increases in costs which may be incurred to trial preparation.

Our holding today is supported by the previous decisions on the assessments of costs. Unchanged since it was originally enacted by the Oklahoma legislature in 1910, the text of 12 O.S.1981, § 1101 was taken from a Kansas statute that was interpreted by the Kansas Supreme Court in *Kaw Valley Fair Ass'n. v. Miller*, 42 Kan. 20, 21 P. 794 (1889). The Kansas court held that costs accrued by a plaintiff prior to a defendant's offer to confess judgment are to be paid by the defendant.

This construction of what is now § 1101 is further supported by this Court's deci-

sion in *Talla v. Anderson*, 53 Okl. 418, 156 P. 670 (1915). The Court's syllabus states that "where a tender of the amount recovered is made by defendant at the trial, or after action is commenced against him, the same does not affect plaintiff's right to recover costs accrued prior to such tender."

■ Thus, we hold that under § 1101, a plaintiff who has accepted a defendant's offer to confess judgment may recover costs accrued up to and including the date the defendant's offer to confess judgment is received. See, *Foster v. Udall*, 335 F.2d 828 (10th Cir.1964); Williston, Contracts (3rd ed.) § 34. The trial court correctly awarded costs to plaintiff.

## II

The next issue raised by the defendant is whether prejudgment interest may be awarded on a confession of judgment entered pursuant to § 1101.

With regard to the award of interest on judgments, 12 O.S.Supp.1983, § 727 provides in part:

"*All judgments* of courts of record except the Worker's Compensation Court shall bear interest at the rate of fifteen percent (15%) per year, .... from the date of rendition, provided that:

\*　　\*　　\*　　\*　　\*　　\*

2. When a verdict for damages by reason of personal injuries is accepted by the trial court, the court shall add interest on said verdict at the rate of fifteen percent (15%) per year from the date the suit was commenced to date of verdict...." [emphasis added]

Defendant asserts that because there was not a jury trial and thus no "verdict" in this case, § 727(2) is not applicable. He presents no authority to support the argument, however, and we find the contention wholly without merit. For the purpose of the issue before us, there is clearly no difference in legal effect between a judgment entered by confession and a judgment entered on a verdict after a trial by a jury. 12 O.S.1981, §§ 689, 693. See, 47 Am. Jur.2d, Judgments §§ 1100, 1147.

■ We see no valid reason for excepting a confession of judgment from the language of § 727(2) and find that prejudgment interest was appropriately awarded to plaintiff in this case.

### III

■ The next issue to be considered is plaintiff's contention on counter-appeal that the trial court erred in not allowing plaintiff's expert witness fees for medical testimony to be taxed against the defendant as costs. Any award of costs or attorney fees must be based on a statute, and only those expenditures which are by statute taxable fall within the term "costs." See, *National Educators Life Ins. Co. v. Apache Lanes, Inc.*, Okl., 555 P.2d 600 (1976).

In *Sloan v. Owen*, Okl., 579 P.2d 812, 814 (1977), this Court found that the trial court did not err in denying expert witness fees to the plaintiff:

"[T]he right to recover expenses of litigation is strictly a matter of statute [citation omitted]. We know of no statute, and none is called to our attention, which authorizes the assessment of expert witness fees as costs. That being the case [plaintiffs] were limited by the provisions of 12 O.S.1971, Sections 1 and 81, (as applicable when this case was tried) which provide for the payment of witness fees on a per day and per mile basis ..."

*Sloan* was followed by this Court in *Matter of Estate of Buckner*, Okl., 609 P.2d 1285 (1980), which reversed an order of the trial court awarding attorney and witness fees that were not based on statutory authority.

However, plaintiff argues that these cases disregarded 28 O.S.1981, § 102, and are no longer applicable because they were decided prior to the enactment of 12 O.S. Supp.1982, §§ 3203, 3207, part of Oklahoma's Discovery Code.

12 O.S.Supp.1982, § 3203(B)(3)(c) provides:

"Unless manifest injustice would result:
(1) The court shall require that *the party*

*seeking discovery pay the expert* a reasonable fee for time spent in responding to discovery under subsection B.... of this section." [emphasis added]

12 O.S.Supp.1982, § 3203(B)(3)(a)(2) provides for the deposition of expert witnesses *"the other party* expects to call as witnesses" [emphasis added]. 12 O.S.Supp.1982, § 3203(B)(3)(b) addresses discovery of "facts known or opinions held by an expert who has been retained or specially employed *by another party* in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial" [emphasis added].

■ Thus, the provisions of § 3203(B)(3) are applicable not to costs incurred where a party is deposing his own expert witness, as in this case, but where one party is seeking discovery from an adverse party's expert witness. This interpretation is consistent with 12 O.S.1981, Ch. 2, App., Rule 14, Rules for District Courts, which provides:

"... If a party takes the deposition of, or submits interrogatories to, *an adverse party's expert*, the court, in its discretion, may require the party taking the deposition or submitting the interrogatory to pay the expert a reasonable fee for the time that he expended in preparing for and giving his deposition or in answering the interrogatory." [emphasis added].

■ In this case, plaintiff does not seek to recover expert witness fees. incurred as a result of discovery requests from defendant. Rather, plaintiff is attempting to recover payment of his own expert witness fees as costs. This is not supported by the statutes cited above.

Nor is plaintiff's contention that his expert witness fees should be taxed as costs supported by 12 O.S.Supp.1982, § 3207; 12 O.S.1981, §§ 319, 400, or 28 O.S.1981, § 102. These statutes address the fees of witnesses, but do not provide for the sort of expert witness fees claimed by plaintiff in this case. Plaintiff reads the statutes too broadly; under these statutes recovery of witness fees is limited to attendance and

travel fees pursuant to 28 O.S.1981, §§ 1, 81.

That portion of the trial court's judgment denying the award of expert witness fees to be taxed as costs is AFFIRMED, and the judgment is in all respects AFFIRMED.

BARNES, C.J., and LAVENDER, DOO-LIN, ALMA WILSON and KAUGER, JJ., concur.

OPALA, J., concurs in part, dissents in part.

HODGES and HARGRAVE, JJ., dissent.