Tracy GASTON, Appellee,

v.

Joe Edward TILLERY, Appellant.

No. 84018.

Court of Appeals of Oklahoma,
Division No. 1.

May 16, 1995.

Mark A. Warman, Tulsa, for appellant.

Max D. Watkins, Annette E. Watkins, Muskogee, for appellee.

## MEMORANDUM OPINION

CARL B. JONES, Judge:

Defendant/Appellant seeks reversal of post judgment orders awarding court costs and prejudgment and postjudgment interest to Plaintiff/Appellee and denying costs to Appellant. This personal injury case was tried to a jury resulting in a verdict for Appellee and an award of damages. That award, however, was less than the amount of an offer of judgment filed by Appellant pursuant to 12 O.S. 1991 § 1101.

The parties were involved in a motor vehicle accident on July 29, 1991, resulting in personal injuries to Appellee. Appellee filed this negligence action for her personal injury damages on July 8, 1993. Her petition sought damages in an amount of excess of $10,000.00. On August 11, 1993, Appellant filed an "Offer to Confess Judgment" pursuant to 12 O.S. 1991 § 1101 in an amount of $6,001.00 "inclusive of attorney fees, interest and costs." The offer was not accepted. Eventually, in May, 1994, the case was tried to a jury resulting in a jury verdict for Appellee. The jury determined Appellee's damages to be $3,300.00, but also determined her contributory negligence to be 19%. Such negligence reduced the judgment amount to $2,673.00. Both parties filed motions seeking to recover their costs. Additionally, Appellee sought prejudgment and postjudgment interest. The trial court awarded costs and interest to Appellee. Appellant's request for costs was denied.

■ With regard to Appellant's costs, the orders of the trial court clearly violate 12 O.S. § 1101, the last sentence of which reads: "If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer." Nothing in this statutory language gives discretionary leeway to the trial court. Rather, it is mandatory and clear.

This Court is committed to the fact that the word "shall" connotes a mandatory duty when it is utilized in a statute. *Schaeffer v. Shaeffer,* 743 P.2d 1038, 1040 (Okla.1987); when a contrary legislative intent is not plainly apparent. *Citicorp Savings and Trust Company v. Banking Board,* 704 P.2d 490, 493 (Okla.1985).

■ Appellee's novel argument is that because the offer of judgment was filed very early in the litigation, she could not make an "informed acceptance", and that requiring her to pay Appellant's costs would be an unjust punishment for exercising her right to a jury trial. We are not impressed. The law does not "punish" Appellee for choosing trial. She is "punished", if at all, for overvaluing her claim. Furthermore, our Supreme Court has made it clear that pretrial settlements are to be encouraged, and they have approved of § 1101 in that it encourages an early offer of judgment so as to avoid further incurrences of costs as the parties prepare their cases. See, *Dulan v. Johnston,* 687 P.2d 1045, 1047 (Okla.1984).

■ For the same reasons that Appellant was entitled to recover his costs "from the time of the offer", Appellee cannot also recover her costs for that same time. Appellee contends her right to costs is found in 12 O.S. 1991 § 928.[1] This, of course, is a general statute and preempted here by § 1101. *Dulan v. Johnston,* supra, at 1047, addressed the relationship between these two statutes and stated unequivocally that where an offer of judgment was made and the plaintiff subsequently obtains a judgment for an amount for less than the offer "the specific provisions of § 1101 apply and control over the general statute [§ 928]." From the time the offer was made, Plaintiff and Defendant cannot both be the prevailing party for purposes of costs. By failing to obtain a judgment in excess of the amount offered, the responsibility for the payment of costs shifted to Appellee. *Hernandez v. United Supermarkets of Okla.,* 882 P.2d 84, 87 (Okla.App.1994).[2]

---

1. 12 O.S. 1991 § 928 provides: "Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific, real or personal property."

2. "This cost-shifting provision provides an impetus for a plaintiff to consider seriously a defen-

**1014**

Nothing, however, in § 1101 or in the cases construing it, takes away Appellee's right to recover costs incurred prior to the time of Appellant's offer of judgment. The provisions of § 928 are not preempted by the more specific § 1101 for costs incurred prior to the offer of judgment. We hold Appellee is properly entitled to costs shown to be incurred prior to the time of the offer.

Appellant also contends the trial court erred in granting prejudgment and postjudgment interest to Appellee. He argues that where a plaintiff fails to obtain a judgment in an amount greater than that offered, § 1101 controls over 12 O.S. 1991 § 727(A) which allows the recovery of prejudgment interest in personal injury cases.

Appellant's reliance on § 1101 is misplaced. Section 1101 makes no reference to interest, and in no way precludes a litigant who has obtained a judgment from recovering either prejudgment or postjudgment interest.[3] The fact that the judgment may be less than the amount offered is irrelevant to the right to recover interest. Neither the offer of judgment nor Oklahoma law supports a different conclusion. Thus, we hold that notwithstanding the recovery of less than the offer to confess, Appellee is entitled to recover interest.

In summary, the trial court erred in denying Appellant's right to recover costs incurred from the time of the offer forward. Likewise, the court erred in awarding costs to Appellee for that same period. Those orders are reversed. The decision below is affirmed to the extent any of Appellee's costs were incurred prior to the offer of judgment, for those are recoverable. We likewise affirm the order granting prejudgment and postjudgment interest to Appellee. This case is remanded to determine Appellant's recoverable costs and for any additional relief consistent herewith.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.

HANSEN, P.J., and JOPLIN, J., concur.

---

dant's offer, because a plaintiff cannot refuse the offer without risking responsibility for a defendant's costs." *Hernandez v. United Supermarkets of Okla.*, 882 P.2d at 87.

**3.** It is clear, however, that had Appellee accepted Appellant's offer, Appellee would not be entitled

to recover either costs or interest because the offer was made inclusive of those items. See, *Evans v. Sitton*, 735 P.2d 334 (Okla.1987). (Offers of judgment made pursuant to 12 O.S. § 1101 which are inclusive of interest, costs and attorney's fees are valid offers.)