**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GROUP MANAGEMENT SERVICES,
INC., a North Carolina Corporation,

        Plaintiff-Appellant,

v.

CHER A. BUMPS & ASSOCIATES,
INC., an Oklahoma Corporation,

        Defendant-Appellee.

No. 97-6358
(D.C. No. 97-CV-24)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BARRETT**, and **HENRY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Group Management Services Inc. (GMS) appeals the district court's award of attorney's fees to Cher A. Bumps & Associates (CABA) pursuant to Okla. Stat. tit. 12, § 936. We have diversity jurisdiction pursuant to 28 U.S.C. § 1332, and we affirm.

## I. Background.

GMS, a third-party administrator of group health insurance products, initiated the underlying breach of contract and negligence action against CABA. GMS had entered into an administrative agreement with CABA to market and administer group insurance plans, including plans issued by Franklin Life Insurance Company (Franklin). GMS alleged that CABA failed to follow GMS's underwriting guidelines as required by the administrative agreement. GMS alleged in its complaint that it incurred in excess of $200,000 in damages as a result of the alleged CABA errors.

Near the end of the discovery period, GMS conceded that it had not suffered any damages and that the only party that might have suffered any loss as a result of CABA's alleged errors was Franklin. Discovery also revealed that GMS's former president had assigned all of GMS's rights under the administrative agreement with CABA to Franklin, effective as of one week prior to the date GMS filed the underlying action. Based on this discovery, CABA demanded that GMS dismiss the complaint. Instead, after the close of discovery,

GMS filed a motion seeking to substitute Franklin as the real party in interest pursuant to Fed. R. Civ. P. 17(a).

CABA objected to the substitution. CABA noted that GMS had maintained throughout the discovery process that it suffered loss, and only changed its position to claim it was not the real party in interest when, at the end of discovery, it was clear it had not suffered any damages. CABA argued that Franklin should not be substituted as the plaintiff and that GMS's complaint should be dismissed.

The district court denied GMS's Rule 17(a) motion to substitute Franklin as the real party in interest, finding that the motion was untimely, prejudicial to CABA, and asserted no basis justifying its delayed filing. The district court treated CABA's objection as a motion to dismiss GMS's complaint and gave GMS an opportunity to respond thereto. GMS's response continued to argue Franklin was the real party in interest, but also asserted that GMS had brought the action as Franklin's agent. GMS further asserted that it had the right to bring the breach of contract claim in its own name because CABA had violated GMS's underwriting requirements.

After GMS filed its response, the district court dismissed GMS's action with prejudice. On CABA's motion, the court later awarded CABA $ 15,156.50 in attorney's fees under § 936.

## II.  Analysis.

GMS appeals only CABA's entitlement to attorney's fees under § 936, not the amount of attorney's fees awarded.  Section 936 entitles a prevailing party to attorney's fees in any civil action for labor and services.  "A prevailing party under section 936 must have prevailed upon the merits."  Arkla Energy Resources v. Roye Realty & Developing, Inc., 9 F.3d 855, 866 (10th Cir. 1993) (construing § 936).  "The authority to award an attorney's fee to the prevailing party is not limited to situations where a party prevails only after a trial on the merits[; the] operative factor is success, not at which stage or how that success is achieved[]."  Wieland v. Danner Auto Supply, Inc., 695 P.2d 1332, 1334 (Okla. 1984) (quotation omitted).  "We review the meaning of 'prevailing party' under Oklahoma law de novo," and the district court's determination of who satisfied that meaning for abuse of discretion.  Arkla, 9 F.3d at 865-866 (citing Oklahoma law).

GMS contends that CABA is not entitled to attorney's fees pursuant to § 936 because a Rule 17(a) real party in interest dismissal is not a decision on the merits.  This contention is without merit because it is clear from the district court's July 21, 1997 and August 15, 1997 orders that the dismissal was not, as characterized by GMS, an involuntary real party in interest dismissal.  The district

court denied GMS's real party in interest motion. It later dismissed GMS's complaint on the merits.

The district court's order of dismissal found that, with respect to GMS's claim that CABA failed to follow its underwriting guidelines required by the administrative agreement, GMS had conceded it had suffered no damage. Thus, the district court found that, even if CABA in fact violated the underwriting requirements, on the facts presented, GMS had failed to state a claim. Appellant's Appendix at A148-49. The district court also rejected GMS's assertion that it had brought the underlying action as Franklin's agent, finding that GMS failed to present any evidence, in its administrative agreement with CABA or otherwise, that it was required to bring the action as Franklin's agent or was otherwise acting as Franklin's agent. GMS does not appeal the district court's denial of its motion to substitute Franklin as the real party in interest, nor the court's dismissal of the complaint. We find no error in the district court's conclusion that, for purposes of the award of attorney's fees under § 936, CABA was the prevailing party on the merits of the action.

GMS also argues CABA is not entitled to attorney's fees because the underlying action was not one "for labor or services" as that term is used in § 936. GMS did not raise this argument before the district court, and therefore we will not consider it on appeal. See Walker v. Mather (In re Walker), 959 F.2d

894, 896 (10th Cir. 1992) (it is a general rule that this court will not consider an issue on appeal that was not raised below).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


James E. Barrett
Senior Circuit Judge