2010 OK CIV APP 2

**STATION OPERATION, LLC,**
Plaintiff/Appellant,

v.

**CIRCLE K STORES, INC.,**
Defendant/Appellee.

No. 106,313.

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 14, 2009.

J. Michael DeYong, Gina K. Cheatham, DeYong & Cheatham, P.A., Oklahoma City, OK, for Plaintiff/Appellant.

Eric S. Eissenstat, C. Eric Shephard, Fellers, Snider, Blankenship, Bailey & Tippens, P.C., Oklahoma City, OK, for Defendant/Appellee.

JANE P. WISEMAN, Vice Chief Judge.

¶1 Station Operation, LLC, (Plaintiff) appeals from an order of the district court denying its motion to enter judgment for injunctive relief against Circle K Stores, Inc. (Defendant). Although Plaintiff asserts five assignments of error in its Petition in Error, the question presented is whether Plaintiff's acceptance of Defendant's offer of judgment pursuant to 12 O.S. Supp.2008 § 1101.1(B)[1] conclusively established liability under the Oklahoma Unfair Sales Act, 15 O.S.2001 §§ 598.1–598.11 (the Act) entitling Plaintiff to a permanent injunction. We find the trial court did not err in denying Plaintiff's motion to enter judgment for injunctive relief, and we affirm its decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2 On May 2, 2007, Plaintiff filed this action against Defendant claiming it "has sold and continues to sell gasoline at a price below 'cost to the retailer' as defined by the Oklahoma Unfair Sales Act." Plaintiff requested both monetary damages and a permanent injunction against Defendant to prevent future violations of the Act.

¶3 On May 8, 2008, Defendant filed an offer of judgment which stated Defendant, "without admitting any wrong doing, offers to confess a monetary judgment in favor of Plaintiff ... against [Defendant] in the amount of Three Thousand Dollars ($3,000.00)." The offer to confess was specifically made pursuant to 12 O.S. Supp.2008 § 1101.1(B). On May 16, 2008, Plaintiff filed its acceptance of Defendant's offer of judgment.

¶4 On May 28, 2008, Plaintiff served Defendant with notices to take depositions including one for the deposition of Defendant's corporate representative. Defendant filed a motion for protective order and a motion to quash the deposition notices arguing, *inter alia*, that the acceptance of Defendant's offer of judgment concluded any further litigation in the case. Defendant argued, "Plaintiff is not allowed to accept an offer of judgment as to the action, and still be allowed to proceed on its claims for injunctive relief as if no judgment had been entered. The judgment is binding between the parties and should be treated as such."

¶5 Plaintiff then filed a combined motion to enter judgment on its acceptance of Defendant's offer of judgment for $3,000 and a response to Defendant's motion to quash and for protective order. Plaintiff asked the trial court to include in the judgment a permanent injunction enjoining Defendant from further

---

1. Title 12 O.S. Supp.2008 § 1101.1(B)(1) provides in part:

   After a civil action is brought for the recovery of money or property in an action other than for personal injury, wrongful death ... any defendant may file with the court, at any time more than ten (10) days prior to trial, an offer of judgment for a sum certain to any plaintiff with respect to the action or any claim or claims asserted in the action. An offer of judgment shall be deemed to include any costs and attorney fees otherwise recoverable unless it expressly provides otherwise. If an offer of judgment is filed, the plaintiff or plaintiffs to whom the offer of judgment is made shall, within ten (10) days, file:
   a. a written acceptance or rejection of the offer, or
   b. a counteroffer of judgment, as described in paragraph 2 of this subsection.

violations of the Act. Plaintiff contended that its acceptance of the offer of a $3,000 judgment necessarily establishes Defendant's violation of the Act thus mandating the trial court to enjoin Defendant from future violations of the Act. Alternatively, Plaintiff argued that should the judgment not result in an automatic injunction, it should be allowed to proceed with discovery.

¶ 6 Defendant objected to Plaintiff's motion to enter judgment arguing that Plaintiff accepted the offer of judgment as written which did not include injunctive relief. Defendant contended that once the judgment as agreed is entered, the case is concluded. Defendant stated, "The offer did not identify that certain claims, causes of action or relief would remain, but rather served as a final judgment in the entirety of the action between the parties." Defendant asked the trial court to enter the judgment as written-*i.e.*, a monetary judgment for $3,000, and find the case to be concluded.

¶ 7 On August 21, 2008, three orders were filed with the following rulings: (1) the trial court granted Defendant's motion to quash and for protective order, (2) the trial court denied Plaintiff's motion to enter judgment, and (3) the trial court entered a judgment in favor of Plaintiff for $3,000. Plaintiff appeals from the trial court's order denying the motion to enter judgment.

## STANDARD OF REVIEW

¶ 8 The trial court decided the case on questions of law involving the interpretation of 12 O.S. Supp.2008 § 1101.1(B) and the effect on Plaintiff's action of a judgment reached by the parties pursuant to that section. If the facts are not disputed, an appeal presents only a question of law. *Baptist Bldg. Corp. v. Barnes*, 1994 OK CIV APP 71, ¶ 5, 874 P.2d 68, 69. "Involving questions of law relating to statutory interpretation, the appropriate appellate standard of review is de novo, 'i.e., a non-deferential, plenary and independent review of the trial court's legal ruling[s].'" *Boston Ave. Mgmt., Inc. v. Associated Res., Inc.*, 2007 OK 5, ¶ 10, 152 P.3d 880, 884–85 (quoting *Fulsom v. Fulsom*, 2003 OK 96, ¶ 2, 81 P.3d 652, 654). When determining the meaning of a statute, the court's

"primary goal is to ascertain and then follow the intention of the Legislature. Legislative intent is ascertained by reviewing the whole act in light of its general purpose and object." *Id.* at ¶ 11, 152 P.3d at 885 (citation omitted).

## ANALYSIS

¶ 9 The trial court determined that Plaintiff was not entitled to include in the § 1101.1(B) confessed monetary judgment a further provision enjoining Defendant from violating the Act. Plaintiff asserts the trial court erred by failing to include such injunctive relief in the judgment. Plaintiff posits the monetary judgment by confession established Defendant's liability under the Act entitling Plaintiff to injunctive relief pursuant to the Act's clear terms. As succinctly argued by Plaintiff, "The injunctive relief sought here under the Oklahoma Unfair Sales Act is mandatory upon establishing liability against the Defendant. By confessing judgment to be taken against it, and knowing the consequences of doing so, [Defendant] had admitted liability, which entitles [Plaintiff] to the injunctive relief sought."

¶ 10 Plaintiff contended that because Defendant confessed judgment, Plaintiff has prevailed on its claim that Defendant violated the Oklahoma Unfair Sales Act and by the clear language of the Act, the trial court has no discretion to deny Plaintiff's claim for injunctive relief. The provision of the Act Plaintiff relies on states:

In addition to the penalties provided in this act, any person injured by any violation, or who shall suffer injury from any threatened violation of this act, may maintain an action in any court of equitable jurisdiction to prevent, restrain or enjoin such violation or threatened violation. *If in such action a violation or threatened violation of this act shall be established, the court shall enjoin and restrain or otherwise prohibit, such violation or threatened violation* . . . .

15 O.S.2001 § 598.5(a)(emphasis added).

¶ 11 Citing *Wieland v. Danner Auto Supply, Inc.*, 1984 OK 45, 695 P.2d 1332, Plaintiff asserts a plaintiff who accepts an offer of judgment becomes the "prevailing party" in

the lawsuit. *Id.* at ¶¶ 18–19, 695 P.2d at 1334 ("[A] judgment by confession taken against a defendant under § 1101 is a final determination that a plaintiff has prevailed on his claim.") The *Wieland* Court held that a prevailing party under § 1101 is entitled to recover attorneys fees. *Id.* at ¶ 20, 695 P.2d at 1334.

¶ 12 We have previously held the purpose of the statute in question, 12 O.S. Supp.2008 § 1101.1, is to promote " 'judgments without protracted litigation' by furnishing 'additional incentives to encourage a plaintiff to accept a defendant's offer to confess judgment' and to encourage a defendant to offer to confess early so as to 'avoid further increases in costs which may be incurred [for] trial preparation.' " *Hopkins v. Byrd,* 2006 OK CIV APP 132, ¶ 7, 146 P.3d 864, 866 (quoting *Dulan v. Johnston,* 1984 OK 44, ¶ 10, 687 P.2d 1045, 1047).

■ ¶ 13 The consummation of an offer and its acceptance in a judgment under 12 O.S. Supp.2008 § 1101.1(B) results in a judgment which constitutes "the final determination of the rights of the parties in an action." 12 O.S.2001 § 681. Accordingly, "[a]cceptance of a confessed judgment removes all prejudgment issues from the triers' consideration .... [barring] the trial court from entertaining evidence material to that which is no longer within the perimeter of adjudicable controversy." *Fleet v. Sanguine, Ltd.,* 1993 OK 76, ¶ 9, 854 P.2d 892, 898 (emphasis and footnote omitted). In other words, "a § 1101 offer's acceptance extinguishes the entire cause of action and substitutes in its place the right to claim the confessed recovery." *Id.* at ¶ 9, 854 P.2d at 898–99 (emphasis omitted).

■ ¶ 14 Defendant's offer of judgment accepted by Plaintiff clearly stated Defendant was offering to confess a "monetary judgment" pursuant to § 1101.1(B) for $3,000 "without admitting any wrongdoing." It is clear from Defendant's argument that its purpose for offering this judgment was to reach a pretrial settlement in an amount less than the cost of defense and to avoid further litigation expenses without admitting any violation of the Act. It seems unlikely that Defendant would offer to confess under this provision if doing so meant admitting liability that could be used against it later. As Defendant correctly points out, "Evidence of an offer of judgment . . . shall not be admissible in any action or proceeding for any purpose except in proceedings to enforce a settlement arising out of an offer of judgment . . . or to determine reasonable attorneys fees and reasonable litigation costs under this section." 12 O.S. Supp.2008 § 1101.1(D).

¶ 15 In our view, neither the *Wieland* case nor the other authorities cited by Plaintiff supports the proposition that, once accepted, a § 1101.1(B) offer of judgment automatically constitutes an admission of liability. This interpretation would contradict the language of § 1101.1(D). Even an offer of judgment brought under 12 O.S.2001 § 1106 (a confession of judgment in part) is not "deemed to be an admission of the cause of action, or the amount to which the plaintiff is entitled, nor be given in evidence upon the trial."

¶ 16 We conclude that adoption of Plaintiff's interpretation that its acceptance of an offer of judgment under § 1101.1(B) establishes an admission of liability by Defendant would thwart the purpose, history, and legislative intent behind the offer of judgment statutes. Such an interpretation would do little to encourage early settlement of cases or to curtail litigation costs as these statutory provisions intended.

¶ 17 As Defendant points out in its appellate briefing, Plaintiff unconditionally accepted the terms of Defendant's offer of judgment and did not submit either an acceptance reserving the issue of injunctive relief or a counteroffer, both options being available to Plaintiff under the offer of judgment statutes.[2]

■ ¶ 18 In the absence of any intent expressed to the contrary, we must conclude the terms agreed upon by the parties' offer

---

**2.** Title 12 O.S. Supp.2008 § 1101.1(B)(1) provides that a defendant may file an offer of judgment to a plaintiff "with respect to the action or any claim or claims asserted in the action."

Section 1101.1(B)(1)(b) provides that a plaintiff must file a written acceptance or rejection of the offer or, alternatively, a counteroffer of judgment.

and acceptance comprise the "entire obligation in suit." *Fleet*, 1993 OK 76 at ¶ 24, 854 P.2d at 900. As our Supreme Court stated in *Fleet*, "Only a single cause of action can be predicated on the same set of facts, but different remedies and theories of liability may be pressed in support of each claim alleged." *Id.* at ¶ 15, 854 P.2d at 901 (emphasis and footnote omitted). The Court further held, as previously stated, that "a § 1101 offer's acceptance extinguishes the entire cause of action and substitutes in its place the right to claim the confessed recovery." *Id.* at ¶ 9, 854 P.2d at 898–99 (emphasis omitted).

¶ 19 We agree with Defendant that the facts in the present case require the same result. Plaintiff in its brief in chief states that because Defendant could have limited its offer to a specific claim or claims but did not, it therefore "offered to confess Judgment with respect to the entire action." This is clearly what Defendant intended and so argues. We agree that Plaintiff cannot accept an offer of judgment as to the entire action and still be allowed to pursue injunctive relief as if no agreed judgment had been reached. Plaintiff's request for a permanent injunction is but another remedy sought under the same set of facts, and Plaintiff's acceptance of Defendant's offer extinguished Plaintiff's cause of action seeking redress under the Act. To hold otherwise would, in effect, allow the trial court to modify the terms of the accepted offer which is prohibited.

¶ 20 After a *de novo* review, we find the trial court did not err in its denial of Plaintiff's motion to enter judgment on Plaintiff's request for a permanent injunction. The trial court's ruling upheld the history, purpose and legislative intent of the statute at issue. The trial court's ruling also upheld the terms set forth in the offer of judgment accepted by Plaintiff, terms which do not include injunctive relief or admission of liability. A trial court has no discretion to "refuse, alter or modify" an offer of judgment after it has been accepted. *Hernandez v. United Supermarkets of Oklahoma, Inc.*, 1994 OK CIV APP 122, ¶ 16, 882 P.2d 84, 88. We affirm the trial court's ruling denying Plaintiff's motion to enter judgment.

¶ 21 Because the analysis on this issue is dispositive, we need not address Plaintiff's remaining arguments.

## CONCLUSION

¶ 22 We find the trial court did not err in denying Plaintiff's motion to enter judgment requesting additional injunctive relief after acceptance of Defendant's offer to confess judgment. The trial court's order is affirmed.

¶ 23 **AFFIRMED.**

BARNES, P.J., and GOODMAN, J., concur.