2014 OK CIV APP 70

**DREAM WALKIN' FARMS, INC.,**
Plaintiff/Appellant,

v.

**James METZGER, Defendant/Appellee.**

No. 110,936.

Court of Civil Appeals of Oklahoma,
Division No. 3.

June 19, 2014.

Armando J. Rosell, Mulinix Ogden Hall & Ludlam, P.L.L.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Dean Hart, Jr., Hart & Hart, Pauls Valley, Oklahoma, for Defendant/Appellee.

BAY MITCHELL, Acting Presiding Judge:

¶ 1 Plaintiff/Appellant Dream Walkin' Farms, Inc. ("Appellant") is in the business of owning, managing, and breeding race

horses. As part of its business, Appellant provides boarding, transportation, shoeing, and veterinary services to horses owned by third parties. Appellant performed such services for Defendant/Appellee James Metzger ("Appellee"). Appellee failed to pay Appellant for services rendered giving rise to Appellant's lawsuit.

¶ 2 During the pendency of the suit, Appellee made payment to Appellant for a portion of the amount Appellant claimed in its petition. On May 10, 2011, approximately eight months into the litigation, Appellee, pursuant to 12 O.S.2011 § 1101.1, served an Offer of Judgment on Appellant for the remaining amount of money claimed in the suit. Appellant timely accepted the Offer of Judgment May 12, 2011. Appellee's Offer of Judgment stated it was "exclusive of any attorneys fees and costs otherwise recoverable." The trial court entered a judgment against Appellee for the amount stated in the Offer of Judgment, awarded Appellant its attorney fees and costs pursuant to 12 O.S.2011 §§ 928, 936, and 942, and ordered Appellant to file its application for attorney fees and costs within thirty (30) days of the filing date of the journal entry.

¶ 3 Following a hearing on Appellant's application, where Appellee objected to the reasonableness of Appellant's requested fee amount, the trial court entered an order awarding Appellant all of its requested fees and costs (except for items totaling $450.00) up to May 12th, the date Appellant accepted the Offer of Judgment. The trial court determined the holding in *Wieland v. Danner Auto Supply, Inc.*, 1984 OK 45, 695 P.2d 1332, prohibited an award of attorney fees and costs incurred *after* the date Appellee served its Offer of Judgment.[1] Specifically, the trial court concluded the holding in *Wieland* "limit[ed] [Appellant] to recover only those attorney's fees and costs accruing up to and including the date [Appellee's] Offer of Judgment was received by [Appellant] which was May 12, 2012." Appellant filed a motion to reconsider, arguing the trial court erred in its application of *Wieland*. On July 3, 2012, the trial court entered two orders: one denying Appellant's motion to reconsider and the other being a judgment which again set forth the details of the award of attorney fees and costs, including the trial court's application of *Wieland*. Appellant timely filed its petition in error as to the orders entered July 3, 2012.[2]

## ANALYSIS

¶ 4 The question of whether a party is entitled to attorney fees is a legal question, which we review *de novo*. *Finnell v. Seismic*, 2003 OK 35, ¶ 7, 67 P.3d 339. In Oklahoma, the right of a litigant to recover attorney fees is governed by the "American Rule." *TRW/Reda Pump v. Brewington*, 1992 OK 31, ¶ 13, 829 P.2d 15. This Rule provides that courts have no authority to award attorney fees in the absence of a specific statute or a contractual provision allowing the recovery of such fees.[3] *Id.*

¶ 5 Here, the trial court correctly relied on 12 O.S.2011 §§ 928,[4] 936,[5] and 942 [6] to

1. The trial court entered its first order awarding Appellant its attorney fees and costs February 24, 2012. Appellant filed a "Motion to Reconsider/New Trial/Vacate" March 26, 2012 arguing the trial court erred in its application of *Wieland*. After a hearing, the trial court entered an order denying Appellant's motion to reconsider and entered a judgment again setting forth the amount of attorney fees and costs awarded to Appellant. Both such orders were filed July 3, 2012, and Appellant commenced this appeal in response.

2. Appellee filed a counter-petition in error which apparently raised the reasonableness of the attorney fees awarded. However, the Supreme Court dismissed this counter-petition in error as untimely filed. The only matter before us is whether Appellant was entitled to attorney fees and costs incurred after it received Appellee's Offer of Judgment.

3. The Oklahoma Supreme Court has emphasized that statutes authorizing the award of attorney fees must be strictly applied:

   [T]o do otherwise holds out the real possibility of chilling access to the courts. For an award of attorney fees to be authorized under a particular statute the authorization must be found within the strict confines of the involved statute. Further, if the involved attorney fee statute requires interpretation it may be read in context with other parts of the statute and in light of the law in effect at the time of its enactment. *Fulsom v. Fulsom*, 2003 OK 96, ¶ 8, 81 P.3d 652 (internal citations omitted).

award Appellant its attorney fees and costs. Appellant's acceptance of Appellee's Offer of Judgment made it a prevailing party within the meaning of those sections. *Dulan v. Johnston*, 1984 OK 44, ¶ 16, 687 P.2d 1045.[7] Nothing in those statutes nor in related case law limits the award of fees and costs to a prevailing plaintiff to those fees and costs incurred prior to the date the offer of judgment was made when the offer *excluded* attorneys fees and costs.

¶ 6 The trial court's reliance on *Wieland* to support its decision to limit Appellant's re- covery of attorney fees and costs from the time of filing through the date of Appellee's Offer of Judgment is misplaced. While the *Wieland* case is generally instructive on con- fessed judgments, its holding is not applica- ble to the instant case because it addressed a different section of Title 12.[8] Indeed, *Wie- land* was decided some eleven years prior to the enactment of § 1101.1 in 1995.

¶ 7 During the course of litigation, Appel- lee in this case presented an Offer of Judg- ment pursuant to 12 O.S.2011 § 1101.1(B)(1)[9] and specifically excepted at-

---

4. Section 928 provides: "Where it is not other- wise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific, real or personal property."

5. Relevant to this proceeding, § 936 provides the prevailing party "shall be allowed a reasonable attorney fee" in "any civil action to recover for labor or services rendered. . . ."

6. Section 942 provides authority for the award of specific items, such as fees assessed by the court clerk or clerk of the appellate court, as costs.

7. "[T]here is clearly no difference in legal effect between a judgment entered by confession and a judgment entered on a verdict after a trial by a jury." *Dulan*, ¶ 16. We note that like *Wieland v. Danner Auto Supply, Inc.*, 1984 OK 45, 695 P.2d 1332, *Dulan v. Johnson* discussed 12 O.S. § 1101 rather than the statute at issue in this case, § 1101.1. However, the Supreme Court's holding that a judgment entered by confession has the same effect as a judgment entered after a jury trial is applicable regardless of the specific stat- ute under which the offer of judgment was made.

8. *Wieland*, 1984 OK 45, ¶ 12, 695 P.2d 1332, addressed "whether attorney fees may be taxed on a judgment by confession entered against a defendant under **§ 1101**." (Emphasis added.) After accepting defendant's offer of judgment made pursuant to § 1101, plaintiff moved to re- cover costs and attorney fees against defendant, but the trial court denied the application finding the acceptance of an offer of judgment pursuant to § 1101 was a satisfaction of all claims includ- ing attorney fees and costs. *Wieland*, ¶¶ 6–8. The Supreme Court reversed this decision by first concluding, consistent with the holding in *Dulan v. Johnson*, 1984 OK 44, 687 P.2d 1045, the statute providing for the recovery of costs by a prevailing plaintiff, 12 O.S. § 928, applied al- lowing plaintiff to recover costs incurred up to and including the date defendant's offer of judg- ment was received. *Wieland*, ¶ 11. As the *Dulan* court reasoned, "[o]nly in the limited situation where a plaintiff rejects a defendant's offer to confess judgment and then recovers a judgment for an amount smaller than the defendant's offer, would the specific provisions of § 1101 apply and control over the general statute." *Dulan*, 1984 OK 44, ¶ 8, 687 P.2d 1045; *see* footnote 7, *supra*. Second, the Supreme Court found "a judgment by confession taken against a defen- dant under § 1101 is a final determination that a plaintiff has prevailed on his claim." *Wieland*, ¶ 19. Thus, "[12 O.S.] §§ 936 and 939, directing that a prevailing party shall recover a reasonable attorney fee [applied] in this case." *Wieland*, ¶ 20.

The *Wieland* opinion included language stating "plaintiff may recover his reasonable attorney fees [and costs] accruing up to and including the date defendants' offer to confess judgment was received." *Wieland*, ¶¶ 11, 20. While this lan- guage appears applicable to the instant case, it merely represents the factual situation presented to the appellate court there. The trial court completely denied plaintiff's request for attorney fees and costs. *Id.* at ¶ 8. The parties were not engaged in post-judgment litigation to determine the reasonableness of plaintiff's fee and cost re- quest which is the situation before this Court.

9. Section 1101.1(B)(1) provides in relevant part:
B. Other actions.
1. After a civil action is brought for the recov- ery of money or property in an action other than for personal injury, wrongful death or pursuant to Chapter 21 of Title 25 or Section 5 of Title 85 of the Oklahoma Statutes, any de- fendant may file with the court, at any time more than ten (10) days prior to trial, an offer of judgment for a sum certain to any plaintiff with respect to the action or any claim or claims asserted in the action. An offer of judgment shall be deemed to include any costs and attorney fees otherwise recoverable unless it expressly provides otherwise. If an offer of judgment is filed, the plaintiff or plaintiffs to whom the offer of judgment is made shall, within ten (10) days, file:
a. a written acceptance or rejection of the offer, or

torney fees and costs from the offer. While § 1101.1(B) limits a plaintiff's recovery of attorney fees and costs in relation to the date an offer of judgment was made, it does so *only* in the event "no offer of judgment or counteroffer of judgment is accepted." 12 O.S.2011 § 1101.1(B)(3–4).[10] However, Appellant/Plaintiff accepted Appellee's Offer of Judgment. Thus, the limitations in subsections (B)(3) and (B)(4) do not apply.

¶ 8 We find no support in Oklahoma law for the trial court's decision to limit Appellant's recovery of attorney fees and costs to those incurred through the date the Offer of Judgment was made when such offer specifically excluded attorney fees and costs. Thus, the decision of the trial court is reversed and remanded for a determination of Appellant's reasonable attorney fees and costs incurred after the date Appellee's Offer of Judgment was made (May 12, 2011). Any hearing should be conducted pursuant to the guidelines set forth in *Burk v. Oklahoma City*, 1979 OK 115, 598 P.2d 659.

¶ 9 To the extent Appellant requested appeal-related attorney fees and costs in its brief in chief, such request is denied as improperly filed. A motion for appeal-related attorney fees must be made to the appellate court by a separately filed and labeled motion filed prior to issuance of mandate. Oklahoma Supreme Court Rule 1.14(B); 12 O.S. Supp.2012 § 696.4(C).

¶ 10 REVERSED AND REMANDED.

GOREE, J., and BUETTNER, J. (sitting by designation), concur.

---

b.  a counteroffer of judgment, as described in paragraph 2 of this subsection.

If a plaintiff fails to file a timely response, the offer of judgment shall be deemed rejected. The fact an offer of judgment is made but not accepted or is deemed rejected does not preclude subsequent timely offers of judgment.

**10.** Subsection (B)(3) addresses the situation when no offer or counteroffer of judgment was accepted and the judgment ultimately awarded plaintiff is *less* than the offer or counteroffer. Subsection (B)(4) addresses the situation when no offer or counteroffer of judgment was accepted and the judgment ultimately awarded plaintiff is *more* than the offer or counteroffer.