2014 OK CIV APP 38

**Wayne Allen SCHOMMER and Deborah Ann Schommer, Husband and Wife, Plaintiffs/Appellants,**

v.

**COMMUNICATE NOW!, L.P. d/b/a Communication Solutions, Defendant/Appellee.**

No. 110228.

Court of Civil Appeals of Oklahoma, Division No. 1.

March 21, 2014.

Gary S. Chilton, Gideon A. Lincecum, Holladay & Chilton, PLLC, Oklahoma City, Oklahoma, for Plaintiffs/Appellants.

Matthew L. Dobson, Kyle Goodwin, Edward O. Lee, Edmond, Oklahoma, for Defendant/Appellee.

WM. C. HETHERINGTON, JR., Vice–Chief Judge.

¶ 1 In the underlying personal and/or private rights injury action against Defendant Communicate Now!, L.P., d/b/a Communication Solutions (Appellee), Plaintiffs Wayne

Allen Schommer and Deborah Ann Schommer, husband and wife (collectively, the Schommers), appeal from a trial court judgment in their favor in accordance with Defendant's modified offers of judgment made pursuant to 12 O.S.Supp.2002 § 1101.1(A).[1] The Schommers' request for reversal of the confessed judgment is premised solely on whether the trial court erroneously invalidated Defendant's original unapportioned offer of judgment even though the Schommers had timely accepted it. We AFFIRM.

## FACTS

¶ 2 According to the petition the Schommers filed against Defendant, Mr. Schommer went to Defendant's store to purchase a new LG Vu smartphone, during which process he authorized Defendant's employee to transfer all data from his old mobile phone to the smartphone. After completing the data transfer, the employee kept that smartphone and instead gave Mr. Schommer another new LG Vu phone, without changing the International Mobile Equipment Identity (IMEI) number for the original LG Vu phone which was referenced in the purchase agreement. Because the employee had returned the old mobile phone, the Schommers were not concerned upon later discovering its data had not been transferred to their smartphone.

¶ 3 Unfortunately, the Schommers later learned Defendant's employee had not only "surreptiously" transferred their personal photographs to other employees and his supervisor, but also had sold the LG Vu phone with all of the Schommers' "private and confidential data" to a third party as a new device.

¶ 4 Based on the above-described misconduct, the Schommers alleged invasion of privacy, violations of the Oklahoma Consumers Protection Act,[2] concealment/non-disclosure,

---

1. Section 1101.1(A) applies "to civil actions for the recovery of money in regard to a claim for personal injury, wrongful death, certain discrimination-type cases and workers' compensation employee retaliation-type cases," in which the plaintiff demands in a pleading or in trial proceedings more than $100,000.00 or the defendant's offer of judgments is for more than $100,000.00. *Boston Avenue Management, Inc.*

*v. Associated Resources, Inc.*, 2007 OK 5, n. 5, 152 P.3d 880.

2. *See* 15 O.S. § 751 et seq. Only "Mr. Schommer" alleged injury from Defendant's alleged violations of the Oklahoma Consumer Protection Act, in contrast to the remaining three theories of recovery under which "the Schommers" alleged they had suffered damages by Defendant acts or omissions.

and negligence/negligent misrepresentation against Defendant. Their prayer for relief in the petition sought "actual damages in an amount in excess of $10,000,"[3] punitive damages, attorney's fees and costs, and other allowable relief.

¶5 Defendant answered, specifically denying Plaintiffs' allegations. On August 22, 2011 Defendant filed a single Offer of Judgment, stating:

> COMES NOW, [Defendant], pursuant to 12 [O.S.] § 1101.1(A), and hereby offers judgment to be taken against it for the total amount of $10,000.00 (Ten Thousand Dollars and Zero Cents) inclusive of prejudgment interest, costs and attorney fees incurred up and including the date of this Offer of Judgment.

On September 6, 2011, the Schommers each filed separate acceptances of Defendant's Offer of Judgment.

¶6 On September 14, 2011, the Schommers moved for the court to enter judgment on the Offer of Judgment as accepted. That same day, Defendant filed its Objection to Entry of Judgment, arguing its Offer of Judgment was for $10,000.00 total, *not* $10,000.00 for each plaintiff. It alternatively argued the Offer of Judgment was invalid under *Haddock v. Woodland Park Home, Inc.*, 2004 OK CIV APP 42, 90 P.3d 594, and *Medlock v. Admiral Safe Co., Inc.*, 2005 OK CIV APP 72, 122 P.3d 883, because it failed to apportion the offer sum between the plaintiffs. Plaintiffs responded, arguing entry of judgment was mandatory because they had accepted the offer. They also argued the offer was not made to Plaintiffs "collectively" or "as a group" like the respective offers of judgment in *Haddock* and *Medlock.*

¶7 On October 11, 2011, a hearing was held on, *inter alia*, the Schommers' motion to enter judgment and Defendant's objection to such entry. That same day and "pursuant to the Court's request at the motion hearing," the Schommers filed a Notice with one exhibit attached, *i.e.*, a copy of the Offer To Confess Judgment for $50,000.00 filed in Tulsa County District Court. *Naomi Medlock, et al., v. Admiral Safe Company, Inc., et al.*, Case No. CJ–2003–00732 (*Medlock* offer). On October 17, 2011, Defendant moved to settle journal entry, to which the Schommers filed a response.

¶8 On November 15, 2011, apparently relying on the court's announcement at the October 11, 2011 hearing about its potential ruling, Defendant made separate § 1101.1(A) Offers of Judgment to the Schommers, each inclusive of prejudgment interest, costs and attorney fees, *i.e.*, $3,000 to Mr. Schommer and $7,000 to Mrs. Schommer, respectively. Two days later, Plaintiffs filed separate acceptances of Defendant's Offers of Judgment.

¶9 By "Journal Entry" filed November 21, 2011, the trial court ruled on the several motions the parties argued at the October 11, 2011 hearing. In relevant part, the court found:

> Defendant's Offer of Judgment is invalid on the basis of the language of the offer to confess judgment used in *Naomi Medlock*,

3. As explained in footnote one, § 1101.1(A) is made subject to § 1101(A)(5), which states "[t]he provisions of this subsection shall apply *only* where the plaintiff demands in a pleading or in trial proceedings more than One Hundred Thousand Dollars ($100,000.00), or where the defendant makes an offer of judgment more than One Hundred Thousand Dollars ($100,000.00)." (Emphasis added.) The Schommers' demand in their petition does not demonstrate the applicability of this section and there is no pre-trial conference order since the scheduled conference was stricken after Defendant filed the first offer of judgment. However, for the purposes of this appeal, we presume, as do the parties, that § 1101.1(A) is applicable for lack of a record showing otherwise. According to the certified appearance docket, there are two separate entries filed October 12, 2011, and titled "Stipula-

tion As to Damages." The Schommers did not designate their Stipulations for inclusion in the appellate record, and neither are attached to Defendant's "Motion To Strike Plaintiffs' Stipulations As To Damages" ("filed under seal" on November 15, 2011,) or the Schommers' response to that motion filed November 18, 2011, which Defendant counter-designated. The latter instruments indicate a conflict between the Schommers' pre-"offer of judgment" demands for more than $100,000 and their post-offer of judgment demands of less than $100,000 allegedly made in the Stipulations. Such conflict was never resolved, because according to the appearance docket, a court minute was filed January 20, 2012, stating "Defendant's Motion to Strike [Plaintiffs'] Stipulations as to Damages—*Stricken.*" (Emphasis added.)

*et al., v. Admiral Safe Company, Inc., et al.,* Case No. CJ–2003–00732 (Tulsa County, State of Oklahoma) and the subsequent ruling in *Medlock v. Admiral Safe Company, Inc.,* 2005 OK CIV APP 72, ¶ 10 & ¶ 15, 122 P.3d 883, and *Haddock v. Woodland Park Home, Inc.,* [2004 OK CIV APP 42, 90 P.3d 594].[4]

In the same Journal Entry, the court expressly denied the Schommers' motion to enter judgment.

¶ 10 On November 22, 2011, the trial court filed a "Judgment" finding Defendant had filed on November 15, 2011 and pursuant to § 1101.1(A),[5] "an offer of judgment to be taken against it by [Mr. Schommmer] for $3,000.00" and "an offer of judgment to be taken against it by [Mrs. Schommer] for

---

4. We note for the record the latter case citation was hand-written between the lines of the otherwise typed judgment and is initialed by the trial court.

5. In relevant part, § 1101.1(A)(1)(a)-(b) provides:

   any defendant may file with the court, at any time more than ten (10) days prior to trial, an offer of judgment for a sum certain to any plaintiff with respect to the action or any claim or claims asserted in the action. An offer of judgment shall be deemed to include any costs or attorney fees otherwise recoverable unless it expressly provides otherwise. If an offer of judgment is filed, each plaintiff to whom an offer of judgment is made shall, within ten (10) days, file:
   a. a written acceptance or rejection of such offer, or
   b. a counteroffer of judgment, as described in paragraph 2 of this subsection.

6. Defendant re-asserted in its Answer Brief the same arguments made in its pre-assignment motion to dismiss the appeal. The Supreme Court denied that motion by order filed February 27, 2012, finding "under the facts and circumstances of this case" the Schommers' appeal "was not inconsistent with their acceptance of the second offer to confess judgment," which exception to the general rule applies when "it is possible to obtain a more favorable judgment without the risk of a less favorable judgment. *Teel v. Public Service Company of Oklahoma,* 1985 OK 112, 767 P.2d 391." Because the Supreme Court's order "is silent" with respect to its effect on the renewability of Defendant's dismissal arguments, the Supreme Court's order may not be re-examined by the Court of Civil Appeals. *Whitehall Homeowners Association, Inc., v. Appletree Enterprise, Inc.,* 2012 OK 34, ¶ 11, 277 P.3d 1266; *L.C.R., Inc. v. Linwood Properties,* 1996 OK 73, ¶¶ 5–6, 918 P.2d 1388.

$7,000.00," both offers inclusive of prejudgment interest, costs and attorney fees. After finding each plaintiff had filed a written acceptance on November 17, 2011, the court entered judgment in favor of the Schommers in accordance with Defendant's November 15, 2011 Offers. Plaintiffs' appeal followed, seeking to reverse both the court's pre-judgment order and the November 22, 2011 Judgment.[6]

### ANALYSIS

¶ 11 The trial court invalidated Defendant's first § 1101.1(A) offer of judgment for failure to apportion the offered amount of $10,000 between each plaintiff, based on the language in the *Medlock* offer [7] and the holdings in *Medlock,* 2005 OK CIV APP 72, 122

---

In contrast, the same Supreme Court order expressly defers consideration of both "parties' requests for appeal-related attorney fees and costs" to this stage of the appeal "to be considered upon proper motion complying with R. 1.14 of the Oklahoma Supreme Court Rules. No post-assignment motions for such fees have been filed, and neither of the parties' briefs comply with R. 1.14.

7. The offer to confess judgment filed in Case No. CJ–2003–00732, which was addressed in *Medlock,* is attached as Exhibit A of the Notice in the record on appeal and states:

   Come Now the Defendants and offer to confess judgment in the sum of FIFTY THOUSAND AND NO/100 ($50,000.00), pursuant to the terms and conditions of OKLA. STAT. tit. 12 § 1101, *et seq.* (Emphasis in original.)

   As the post-October 12, 2011 hearing motions demonstrate, the parties disagreed whether the above offer was made pursuant to § 1101, as the Schommers argued, or § 1101.1, as analyzed in *Haddock* and *Medlock.* We disagree with the Schommers' position, first, because "*et seq.*" is an abbreviation referring to consecutive statutory sections usually within an act. Therefore, use of " § 1101, *et seq.*" in the offer identifies it was made according to § 1101 or one of its consecutive sections, which includes § 1101.1 and the remaining offer of judgment §§ 1102–1106. Further, when enacting § 1101.1, the Legislature mandated "[t]his section shall apply to all civil actions filed after the effective date of this act," *see* 12 O.S.Supp.1995 § 1101.1(D), which language has remained unchanged despite legislative additions to the section changing the subsection from (D) to (F) in 1999 and from (F) to (G) in 2002. Because the misconduct resulting in the filing of the plaintiffs' civil action in *Medlock* occurred in 1999, § 1101.1 was the applicable statute, as a matter of law, not § 1101.

P.3d 883, and *Haddock*, 2004 OK CIV APP 42, 90 P.3d 594. The same ruling implicitly rejects the Schommers' argument the court had no discretion to refuse to enter judgment after their acceptance. *Medlock* and *Haddock* both hold § 1101.1 offers of judgment made to multiple plaintiffs in which the offered amount is not apportioned between the plaintiffs are invalid. However, neither case involved a plaintiff's timely-*accepted* § 1101.1 offer of judgment,[8] as occurred in this case, nor decided the effect of such acceptance on a plaintiff's action or claim(s) and a trial court's discretion with respect to an *accepted* § 1101.1 offer of judgment, as the Schommers construe *Station Operation, LLC v. Circle K Stores, Inc.*, 2010 OK CIV APP 2, ¶ 13, 229 P.3d 1283. Our analysis begins with this preliminary issue.

### Is Station Operation dispositive of the issue on appeal?

¶ 12 To support the Schommers' argument on appeal that the trial court was required to enter judgment after they accepted Defendant's unapportioned offer of judgment, they rely only on the following paragraph from *Station Operation, LLC v. Circle K Stores, Inc.*, 2010 OK CIV APP 2, ¶ 13, 229 P.3d 1283:

> The *consummation* of an offer and its acceptance *in a judgment* under 12 O.S.Supp.2008 § 1101.1(B) results *in a judgment* which constitutes 'the final determination of the rights of the parties to an action.' 12 O.S.2001 § 681. Accordingly, "*acceptance* of a confessed judgment removes all prejudgment issues from the trier's consideration .... [barring] the trial court from entertaining evidence material to that which is no longer within the perimeter of adjudicable controversy." *Fleet v. Sanguine, Ltd.*, 1993 OK 76, ¶ 9, 854 P.2d 892, 898. In other words, "a § 1101 offer's *acceptance* extinguishes the

entire cause of action and substitutes in its place the right to claim the confessed recovery." *Id.* at ¶ 9, 854 P.2d at 898–99. (Parenthetical phrases omitted; emphasis added.)

¶ 13 Like the trial court, we are not persuaded *Station Operation* is dispositive of the issue on appeal for two reasons. First, we are not here considering "prejudgment issues" which the plaintiffs in *Fleet* and *Station Operation* continued to pursue after acceptance of the offer to confess judgment. In *Fleet*, three mineral owners sued an oil and gas well operator for damages under several theories of liability and specifically invoked 52 O.S.1981 § 540(B)'s penalty provision (12% prejudgment interest for violation of § 540(A)). The Supreme Court in *Fleet* determined the plaintiffs' "*acceptance* of the [defendant's] *§ 1101 offer of judgment* removed from judicial inquiry *all elements of the mineral owners' damages, including prejudgment interest*" that was allowed for § 540(A) violations and held "it was error for the trial judge to add [such] interest to the amount of the compromised recovery." (Emphasis added). 1993 OK 76, ¶ 13, 854 P.2d 892.

¶ 14 Similarly, in *Station Operation*, the plaintiff, who had sought both monetary damages and injunctive relief under the Oklahoma Unfair Sales Act (the Act), unconditionally accepted the corporate defendant's § 1101.1(B) offer to confess judgment for $3,000 "without confessing any wrongdoing." The plaintiff moved for entry of a confessed judgment and requested inclusion of a permanent injunction to prevent further violations under the Act.

¶ 15 Relying on the *Fleet* Court's application of § 1101, the Court in *Station Operation* concluded, as relevant here, "[i]n the absence of any intent expressed to the contrary, we must conclude the terms of the

---

8. *Medlock* and *Haddock* are distinguishable from this case in several ways. First, the appeals by the multiple plaintiffs in both *Medlock* and *Haddock* were brought from orders granting and denying requests for attorney fees and costs under § 1101.1, respectively. Second, the multiple plaintiffs in *Medlock* had rejected the defendants' offer of judgment by failing to respond and then failed to obtain a judgment greater than the

offered amount. In *Haddock*, the two plaintiffs had responded to defendant's offer of judgment with a counter-offer which was deemed rejected by the defendant's timely failure to respond, there was a defense judgment against one plaintiff, and the other plaintiff's verdict was $3,000 less than the counter-offer she had made to the defendant.

parties' offer and acceptance comprise 'the entire obligation in suit.' " The Court then found "Plaintiff's request for a permanent injunction is but another remedy sought under the same set of facts, and [his] acceptance of Defendant's offer extinguished [his] cause of action seeking redress under the Act. To hold otherwise would, in effect, allow the trial court *to modify* the terms of the accepted offer which is prohibited." (Emphasis added.) 2010 OK CIV APP 2, ¶ 19, 229 P.3d 1283.

¶ 16 Unlike in *Station Operation* and *Fleet,* the trial court in this case was not presented any "prejudgment issues" from the Schommers' action against Defendant for alleged personal and private rights injuries. By its objection to entry of confessed judgment on the first offer, Defendant sought revocation of the offer, claiming it was for $10,000 total and the Schommers' separate acceptances for $10,000 was a counter-offer, or *alternatively,* a finding the offer was invalid under *Haddock* and *Medlock* for lack of apportionment between the two plaintiffs. Therefore, the issue for the court was interpretation of the terms of Defendant's first offer, not prejudgment issues. We find no error with the court's implicit finding the holding in *Station Operation* does not apply to the facts of this case.

### The First Offer

■ ¶ 17 The Schommers argue they are each entitled to a $10,000 judgment against Defendant because unlike the offers of judgments in *Medlock* and *Haddock,* Defendant's first offer of judgment neither expressly requires the plaintiffs' joint acceptance nor indicates it was made to Plaintiffs either "collectively" or "as a group." [9] They contend the first offer was "an open offer to *any plaintiff* in the lawsuit willing to accept judgment against it for a sum certain of $10,000." Defendant disagrees, clarifying its first offer of judgment "for the *total* amount of $10,000.00" was made "collectively to [the Schommers]" and arguing a single offer of judgment to both plaintiffs is invalid based

on the holdings in *Medlock* and *Haddock* "because of [the Schommers'] separate, individual claims."

¶ 18 We are persuaded by the Defendant's last argument. In *Haddock,* the spouses brought an action against the defendant for the wife's personal injuries resulting from a car accident with the defendant and for loss of consortium suffered by the husband. Because the defendant's § 1101.1 offer of judgment specifically named both plaintiffs in the body of the offer and required acceptance from both to be enforceable, the Court in *Haddock* found such lump sum offer "prevents each plaintiff from evaluating the settlement offer against the value of his or her claim" and leads to trial court confusion "in apportioning the various responsibility for the attorney fees award after a judgment for less than the settlement offer." 2004 OK CIV APP 42, ¶ 17, 90 P.3d 594. Importantly, the Court found "[e]ven though the loss of consortium claim was derivative of [the wife's] claim, it is still unclear from [the defendant's] offer of judgment which portion of the offer was directed to [the wife] and which portion to her husband." *Id.* In *Medlock,* the four plaintiffs brought a negligence action for damages allegedly caused by two defendants (a safe company and its individual owner), who raised contributory negligence as a defense against all four plaintiffs. Because of the potential reduction in value of each plaintiff's claim for negligence damages in the event of a contributory negligence verdict against any one or more of the plaintiffs, the same reasons for invalidating the offer of judgment in *Haddock* apply to the un-apportioned § 1101.1 offer of judgment in *Medlock.*

¶ 19 In this case, Defendant's first offer of judgment similarly failed to consider the Schommers' individual actions, claims and damages when making a lump sum offer. Under such circumstances, we find no error with the trial court's pre-judgment ruling Defendant's first offer of judgment was invalid based on the holdings in *Haddock* and

---

9. The Schommers did not raise below the "separate powers of acceptance" argument they raise in their Brief in Chief and their Reply Brief. We do not address arguments made for the first time on appeal. *Jones v. Alpine Inv., Inc.,* 1987 OK 113, ¶ 11, 764 P.2d 513.

*Medlock.* The court's November 22, 2011 final judgment is **AFFIRMED.**

JOPLIN, P.J., and BUETTNER, J., concur.