FILED
United States Court of Appeals
Tenth Circuit

July 20, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KELLY BRYANT; HOLLIE BRYANT,

Plaintiffs - Appellants,

v.

SAGAMORE INSURANCE
COMPANY,

Defendant - Appellee.

No. 14-7096
(D.C. No. 6:13-CV-00240-RAW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **LUCERO** and **MATHESON**, Circuit Judges.

Plaintiffs Kelly Bryant and his daughter Hollie Bryant appeal the district

court's order awarding attorneys' fees to Defendant Sagamore Insurance Company

(Sagamore) under Okla. Stat. tit. 12, § 1101.1(B), based on their rejection of

Sagamore's offer of judgment. This court previously affirmed the district court's

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

grant of summary judgment in favor of Sagamore, *Bryant v. Sagamore Ins. Co.*,

597 F. App'x 968 (10th Cir. 2015), and award of costs to Sagamore under

Fed. R. Civ. P. 54(d), ___ F. App'x ___ , No. 15-7000, 2015 WL 4258673 (10th Cir.

July 15, 2015). The district court had diversity jurisdiction under 28 U.S.C. § 1332.

We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.     BACKGROUND

Briefly, Kelly Bryant had a car insurance policy with Sagamore that excluded

coverage for his teen daughter, Hollie. Hollie drove Kelly's car and was in an

accident that injured another driver. Sagamore denied coverage because the Bryants

failed to cooperate with Sagamore's investigation and Hollie was not covered under

Kelly's policy. The Bryants filed suit against Sagamore jointly claiming breach of

contract and bad faith.

Sagamore moved for summary judgment. While that motion was pending, it

made an unapportioned offer of judgment to the Bryants for $5,000 under

Okla. Stat. tit. 12, § 1101.1(B). The Bryants sought and received clarification of the

offer, but did not respond to it, thus, it was deemed rejected under § 1101.1(B)(1).

The district court later granted summary judgment in favor of Sagamore on all

claims. Sagamore then moved for attorneys' fees and non-taxable costs incurred

after the date of its offer of judgment under § 1101.1(B)(3). "Section 1101.1(B)(3)

entitles a defendant to the recovery of costs and its reasonable attorneys' fees after an

offer of judgment when the judgment awarded is less than the amount of the offer."

*Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1278 (10th Cir. 2011). The Bryants opposed the motion, arguing Sagamore's offer of judgment was invalid because it was not apportioned between them. As a result, they claimed, they could not evaluate the value of the offer relative to their respective claims. The district court ruled the offer was valid because the Bryants were family members represented by the same attorney, had filed joint, identical claims, and alleged only joint, identical damages at all times prior to the offer of judgment. The court awarded Sagamore $78,642.00 in attorneys' fees and $410.43 in non-taxable costs. The Bryants challenge the validity of the award, but do not challenge the reasonableness of the amount.

## II.    DISCUSSION

On appeal, the Bryants argue that unapportioned offers under § 1101.1 are invalid under Oklahoma law. "We review a district court's decision on whether to award attorney fees for abuse of discretion, but we review de novo the district court's application of the legal principles underlying that decision." *Scottsdale*, 636 F.3d at 1276 (internal quotation marks omitted). Section 1101.1 is a substantive, not procedural, provision, *id*. at 1280, and therefore Oklahoma law governs in this diversity case. The Oklahoma Supreme Court has not addressed whether § 1101.1 requires individual offers of judgment to each plaintiff in order to be valid. Because this is an unsettled question of Oklahoma insurance law, "we must attempt to predict how [Oklahoma's] highest court would interpret the issue." *Cornhusker Cas. Co. v.*

- 3 -

*Skaj*, 786 F.3d 842, 852 (10th Cir. 2015) (ellipsis, brackets and internal quotation marks omitted). "We may consider all resources available in doing so, including decisions of [Oklahoma] courts, other state courts and federal courts, in addition to the general weight and trend of authority." *Id*. (internal quotation marks omitted).

Section 1101.1(B) states that in any civil action for other than personal injury or wrongful death, "any defendant may file with the court, at any time more than ten (10) days prior to trial, an offer of judgment for a sum certain to any plaintiff with respect to the action or any claim or claims asserted in the action." "If no offer of judgment or counteroffer of judgment is accepted and the judgment awarded the plaintiff is less than one or more offers of judgment, the defendant shall be entitled to reasonable litigation costs and reasonable attorney fees incurred by the defendant . . . from and after the date of the first offer of judgment . . . until the date of the judgment." § 1101.1(B)(3).[1] "The purpose of § 1101.1(B) is to encourage judgments without protracted litigation by providing additional incentives to encourage a plaintiff to accept a defendant's offer to confess judgment and to encourage a defendant to offer an early confession of judgment to avoid further increases in costs which may be incurred for trial preparation." *Hubbard v. Kaiser-Francis Oil Co*., 256 P.3d 69, 73 (Okla. 2011) (brackets and internal quotation marks omitted).

---

[1] An almost identically worded provision covers personal injury and wrongful death civil actions, Okla. Stat. tit. 12, § 1101.1(A). It states that "any defendant may [make] an offer of judgment . . . to any plaintiff" and that the defendant is entitled to attorneys' fees if the ultimate judgment is less than an unaccepted offer. *Id*.

The Oklahoma Court of Civil Appeals has thrice ruled that an unapportioned offer of judgment to multiple plaintiffs was invalid under § 1101.1. First, in *Haddock v. Woodland Park Home, Inc.*, 90 P.3d 594 (Okla. Civ. App. 2004), the court ruled an unapportioned offer was invalid where a husband and wife had asserted different claims and the jury awarded damages to the wife, but rejected the husband's claims. Because § 1101.1 "uses the singular 'any defendant' and 'any plaintiff,'" the *Haddock* court concluded it permits offers only to each plaintiff singly. *Id*. at 597. The court reasoned that "an unapportioned offer to multiple plaintiffs prevents each plaintiff from evaluating the settlement offer against the value of his or her claim and would lead to confusion in apportioning between the various plaintiffs's responsibility for the attorney fees after a judgment for less than the settlement offer." *Id*. at 598.

A divided panel of the Court of Civil Appeals followed the rule announced in *Haddock* a year later, in *Medlock v. Admiral Safe Company, Inc.*, 122 P.3d 883 (Okla. Civ. App. 2005). The majority ruled that an unapportioned offer under Okla. Stat. tit. 12, § 1101.1 was invalid because it did not identify to which plaintiffs it was directed. "Otherwise," it stated, "a single plaintiff could reject an offer to confess judgment, and impose the penalty of attorneys fees on co-plaintiffs willing to accept the offer." 122 P.3d at 889. The dissent argued *Haddock* and the majority misconstrued the "any plaintiff" language in § 1101.1, citing Oklahoma's rules of statutory construction which state that "'[w]ords used in the singular number include

the plural, and the plural the singular, except where a contrary intention plainly appears.'" *Id*. at 889-90 (Joplin, J., dissenting) (quoting Okla. Stat. tit. 25, § 25). The dissent argued the language of § 1101.1 plainly and clearly allows "any defendant to make an unapportioned offer of judgment to several plaintiffs." *Id*. at 890 (internal quotation marks omitted).

Most recently, the Oklahoma Court of Civil Appeals ruled that an unapportioned offer was invalid where the husband and wife plaintiffs asserted different, independent claims, because the lump-sum offer of judgment "fail[ed] to consider the [plaintiffs'] individual actions, claims and damages." *Schommer v. Communicate Now!, L.P*., 324 P.3d 433, 438 (Okla. Civ. App. 2014).

The Bryants rely on *Haddock*, *Medlock* and *Schommer* to argue the district court erred in ruling Sagamore's unapportioned offer of judgment was valid. The district court, however, agreed with the dissent in *Medlock* that *Haddock* and *Medlock* were wrongly decided and, thus, were not predictive of how the Oklahoma Supreme Court would rule on the unapportioned-offer-of-judgment question. It ruled that Sagamore's unapportioned offer was valid because the Bryants filed identical joint claims, were family members who shared an attorney, and never disclosed any individual damages prior to Sagamore's offer. Further, the district court noted that the Bryants sought and obtained clarification of Sagamore's offer of judgment.

To predict how the Oklahoma Supreme Court would rule, we first look to the language of § 1101.1(B). The Court of Civil Appeals has conceded that Oklahoma's

statutorily mandated rule of statutory construction, Okla. Stat. tit. 25, § 25, requires that "[w]ords used in the singular number include the plural, and the plural the singular, except where a contrary intention plainly appears." *See Medlock*, 122 P.3d at 889 (stating "we concede the dissent's general statement of the law regarding singular and plural terms," though reasoning that the context of the provision requires apportioned offers). We are therefore satisfied that the Oklahoma Supreme Court would not adopt the *Haddock* court's reasoning that the use of the singular "any plaintiff" in § 1101.1 requires offers only be made to each plaintiff singly. We cannot find any other basis in the language of § 1101.1 to support a conclusion that the language of the statute requires individual offers be made to each plaintiff, thus, we next consider whether Oklahoma's Supreme Court would require an apportioned offer on policy grounds.

The Oklahoma Supreme Court has ruled that offers of judgment under § 1101.1 must be reasonable. *Hubbard*, 256 P.3d at 74-75 ("Although the legislature did not specifically require a reasonable standard for the offer, it would not have intended unreasonable acts in the use and implementation of its legislation."). We think, therefore, that it would agree with the *Haddock* court that an offeree must be able to "evaluat[e] the settlement offer against the value of his or her claim." *Haddock*, 90 P.3d at 598.

We do not predict, however, that the Oklahoma Supreme Court would go so far as to adopt a per se rule that every unapportioned offer to more than one plaintiff

is invalid under § 1101.1, as the Bryants argue. "Case law . . . does not go so far as to say a defendant must always apportion an offer between each plaintiff." *Roska v. Sneddon*, 366 F. App'x 930, 941 (10th Cir. 2010) (interpreting Fed. R. Civ. P. 68).

The federal cost-shifting statute, Rule 68, like § 1101.1, permits a defending party to recover its costs if it makes an offer of judgment and the plaintiff's ultimate judgment is less than the offer. Rule 68 differs somewhat from § 1101.1—it only applies to offers from defendants and it only covers post-offer costs, not attorneys' fees—but it is sufficiently comparable to § 1101.1 to consider federal court decisions regarding unapportioned offers. In considering when to award attorneys' fees and costs under Rule 68, we have held, much like the *Haddock* court interpreting § 1101.1, that "the offeree must know what is being offered in order to be responsible for refusing the offer." *Arkla Energy Res. v. Roye Realty & Developing, Inc.*, 9 F.3d 855, 867 (10th Cir. 1993).

Federal courts have ruled that offers of judgment under Rule 68 need not, as a per se rule, apportion damages among multiple parties in order to be valid. The Seventh Circuit held in *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999), that an unapportioned offer to multiple plaintiffs was invalid where the plaintiffs had competing claims and were suing for separate physical injuries because the offer could not be compared to the different judgments each plaintiff obtained. There, the defendant made an unapportioned offer to three plaintiffs, but the jury returned a verdict in favor of each plaintiff individually for three different amounts.

*Id*. at 1074. Because it was impossible to tell whether the amount each plaintiff received from the jury was less favorable than what each would have received from the unapportioned offer, the *Gavoni* court ruled the offer of judgment had no effect. *Id*. at 1075-77. The District of Columbia Circuit relied upon *Gavoni* in ruling that an unapportioned offer of judgment to three plaintiffs who had filed separate employment discrimination claims against their employer did not trigger Rule 68's cost-shifting provision where only one plaintiff was awarded any damages. *Thomas v. Nat'l Football League Players Ass'n*, 273 F.3d 1124, 1130 (D.C. Cir. 2001).

But the Seventh Circuit has since made clear that its holding in *Gavoni* was not a per se rule, stating, "[w]e need not go so far as to conclude . . . that Rule 68 always requires an exact delineation of the manner in which damages are to be apportioned among multiple parties." *Harbor Motor Co. v. Arnell Chevrolet-Geo, Inc.*, 265 F.3d 638, 649 (7th Cir. 2001) (holding offer of judgment made jointly by two defendants not effective to shift costs where judgment obtained only against one defendant). The First and Second Circuits have also held that unapportioned offers are not invalid as a matter of law. *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014) ("Rule 68 offers need not, as a *per se* rule, expressly apportion damages"; rather, an "offer is operative so long as it is capable of being compared to the prevailing plaintiff's ultimate recovery."); *King v. Rivas*, 555 F.3d 14, 19 (1st Cir. 2009) (same)).

The *Medlock* court expressed concern that one plaintiff might be willing to accept an offer while another might not. 122 P.3d at 889. But federal courts have ruled that making an offer to multiple plaintiffs conditioned on acceptance by all is permissible in a Rule 68 offer of judgment because it encourages settlement and avoids litigation. In *Lang v. Gates*, 36 F.3d 73 (9th Cir. 1994), the Ninth Circuit ruled an unapportioned offer conditioned on acceptance by both plaintiffs was valid, stating, "to require that plaintiffs be allowed to accept or to reject joint offers individually might encourage multiple plaintiffs to hedge their bets by collusively having at least one party accept the offer and at least one other decline [so that] they could both benefit if the judgment is greater than the offer, and could both avoid incurring costs . . . if it is less." *Id.* at 75 (internal quotation marks omitted); *see also Amati v. City of Woodstock*, 176 F.3d 952 (7th Cir. 1999) ("We cannot find anything in the rule, or the case law, to support the view that the condition which the defendants imposed—all the plaintiffs must accept the offer of judgment for it to be effective—is invalid.").

On facts similar to the Bryants' case, a panel of this court ruled that an unallocated Rule 68 offer of judgment to multiple plaintiffs are not, as a matter of law, ineffective or invalid. *Roska*, 366 F. App'x at 940-42. The panel concluded apportionment was not necessary because the plaintiffs were "a single family represented by a one attorney, claiming . . . damages arising from the same set of facts." *Id.* at 941. The panel noted the plaintiffs sought collective damages in their

- 10 -

complaint and did not disclose their assessment of individualized damages disclosures to defendants. *Id*.

Turning to the case before us, we find nothing in the Bryants' litigation proceedings to suggest they were unable to evaluate the merits of their claims relative to the value of Sagamore's offer. The Bryants are father and daughter represented by one attorney, they asserted undivided joint breach of contract and bad faith claims based on the same factual allegations, and they sought collective, undifferentiated damages. This distinguishes them from the plaintiffs in *Haddock* and *Schommer*, who could not evaluate an unapportioned offer because they alleged different and potentially competing claims. The Bryants lost at summary judgment, thus, there is no difficulty comparing the damage award each received with the amount of the offer, as was the case in *Haddock*.

We further find it significant that prior to Sagamore's offer of judgment, the Bryants repeatedly alleged they suffered only collective, undifferentiated damages. Thus, Sagamore had no basis from the Bryants' pleadings or disclosures to offer them anything but an undifferentiated, collective offer of judgment. The Bryants disclosed undifferentiated, unapportioned damages in their initial disclosures under Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring parties to provide a computation of each category of damages without awaiting a discovery request). Aplee. Supp. App. at 14. Days before Sagamore made its offer of judgment, the Bryants again provided only a joint list of undifferentiated, unapportioned damages on their supplemental Rule 26

disclosure statements. *Id*. at 23. The Bryants argue they did allege different damages, citing the Agreed Pretrial Order, but that disclosure was not made until months after Sagamore's offer of judgment. Aplt. App. Vol. II, at 272-73. The Bryants also cite Kelly's motion to dismiss his claims under Fed. R. Civ. P. 41(a)(2), but that motion, also filed after the offer of judgment, made no mention of different damage claims. In their reply brief, the Bryants cite to Kelly's deposition testimony, taken prior to the offer, as evidence they disclosed different damage claims, but that testimony is inconclusive at best: Kelly stated that he had suffered damages but that he was not seeking to recover them because he would rather "just let it go." Aplt. App. Vol. II, at 249-50. This does not fairly disclose differences between his damage claims and those of his daughter. Moreover, as noted, the Bryants' subsequent Rule 26 disclosure—filed after that deposition and immediately before Sagamore's offer—alleged only joint, undifferentiated damages. Aplee. Supp. App. at 23.

In summary, we predict that the Oklahoma Supreme Court would not rule unapportioned offers to multiple plaintiffs are per se invalid as a matter of law under § 1101.1(B). Further, we find no basis in the record to conclude the Bryants were unable to assess as individual plaintiffs the value of Sagamore's offer because they asserted identical joint claims, claimed only joint, unspecified damages in their complaint and initial Rule 26 disclosures, and were family members represented by one attorney, who could, without any conflict of interest, assist both Kelly and Hollie in evaluating the value of their respective claims. Further, the Bryants sought and

- 12 -

received clarification of Sagamore's unapportioned offer, and did not reject the offer on the ground that they were unable to assess their individual claims; rather, they simply never responded to it. On these facts, we conclude the Oklahoma Supreme Court would not rule Sagamore's unapportioned offer to the Bryants was invalid under § 1101.1(B).

The judgment of the district court is affirmed.

Entered for the Court

Mary Beck Briscoe
Chief Judge