OSCN Found Document:LUNN v. CONTINENTAL MOTORS, INC. et al.

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 LUNN v. CONTINENTAL MOTORS, INC. et al.
2025 OK 29
Case Number: 121752
Decided: 04/29/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 29, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

WILLIAM D. LUNN, INDIVIDUALLY AND AS NATURAL PARENT, NEXT FRIEND, AND PERSONAL REPRESENTATIVE OF THE ESTATE OF KATHRYN LILLIAN LUNN AND THE ESTATE OF ADRIENNE BADEEN LUNN AND THE ESTATE OF MICHAEL DIXON LUNN, PLAINTIFFS/APPELLEES,
V.
CONTINENTAL MOTORS, INC. ET AL., DEFENDANT/APPELLANT,

ON CERTIORARI FROM THE COURT OF CIVIL APPEALS, DIVISION I

 

¶0 Appellant appeals from a post-judgment order of the district court denying attorney's fees. Appellant sought attorney's fees pursuant to the offer of judgment statute after a jury returned a verdict in favor of Appellant for less than its offer of judgment to Appellees. The Court of Civil Appeals affirmed, holding Appellant's offer of judgment was invalid because it was not apportioned between Appellees. This Court granted certiorari to decide an issue of first impression.

COURT OF CIVIL APPEALS' OPINION VACATED;
DISTRICT COURT'S JUDGMENT AFFIRMED.

John M. Thetford, Grant B. Thetford, and Evan M. McLemore, Levinson, Smith, & Huffman, P.C., Tulsa, Oklahoma, for Appellees.

G. Steven Stidham, Stidham Law, P.C., Tulsa, Oklahoma, for Appellees.

Phil R. Richards, Richards & Connor, Tulsa, Oklahoma, for Appellant.

 

Winchester, J. 

¶1 Appellant Continental Motors, Inc. ("CMI") brought this action seeking its attorney's fees as the prevailing party at trial in which CMI had filed an offer of judgment pursuant to 12 O.S.2021, § 1101.1

FACTS AND PROCEDURAL HISTORY

¶2 In October 2009, Lunn, individually and on behalf of the estates of his three children, filed suit against CMI, 

¶3 COCA affirmed, holding that the district court's conclusion that CMI's offer of judgment did not meet the statutory provisions of § 1101.1(A) conformed with existing Oklahoma case law. COCA relied on three of its prior cases wherein COCA interpreted § 1101.1(A) to require the defendant's offer to be apportioned among the plaintiffs, allowing each plaintiff to independently evaluate the settlement offer. See Schommer v. Communicate Now!, L.P., 2014 OK CIV APP 38324 P.3d 433Medlock v. Admiral Safe Co., Inc., 2005 OK CIV APP 72122 P.3d 883Haddock v. Woodland Park Home, Inc., 2004 OK CIV APP 4290 P.3d 594

STANDARD OF REVIEW

¶4 The issue in this appeal concerns the legal interpretation of Oklahoma's statute regarding offers of judgment, 12 O.S.2021, § 1101.1de novo. State ex rel. Protective Health Servs. State Dep't of Health v. Vaughn, 2009 OK 61222 P.3d 1058de novo standard of review, the Court has plenary, independent, and non-deferential authority to determine whether the district court erred in its legal rulings. Id.

DISCUSSION

¶5 This case presents a question of first impression in Oklahoma law: whether an offer of judgment under § 1101.1(A) must be apportioned. In other words, when there are multiple plaintiffs involved, must a defendant specifically state how much each plaintiff will receive from the offer of judgment, rather than issuing a joint settlement offer.

¶6 Since this Court has not previously addressed this issue, we must interpret the provisions of § 1101.1(A) to determine the validity of unapportioned offers of judgment. We recognize that there are general policy reasons supporting the use of fee-shifting statutes for the recovery of attorney fees and costs. These include encouraging settlements and discouraging frivolous claims, especially considering the limited availability of judicial resources. Hicks v. Lloyd's Gen. Ins. Agency, Inc., 1988 OK 97763 P.2d 85 See Dulan v. Johnston, 1984 OK 44687 P.2d 1045

¶7 In construing § 1101.1(A), it is important to understand that Oklahoma follows the American Rule, which states that each litigant pays for their own legal representation. Oklahoma courts are without authority to assess attorney's fees without a specific statute or contract allowing for their recovery. Exceptions to this rule are narrowly defined and are made with great caution, as we have observed that "liberality of attorney fee awards against the non-prevailing party has a chilling effect on our open access to courts guarantee." Fulsom v. Fulsom, 2003 OK 9681 P.3d 652Id.; see also Boston Ave. Mgmt., Inc. v. Associated Res., Inc., 2007 OK 5152 P.3d 880

¶8 When the Court examines a statute, our primary goal is to determine legislative intent through the "plain and ordinary meaning" of the statutory language. In re Initiative Petition No. 397, 2014 OK 23326 P.3d 496Id.

¶9 Title 12 O.S.2021, § 1101.1

Actions for personal injury, wrongful death, and certain specified actions.

1. Subject to the provisions of paragraph 5 of this subsection, after a civil action is brought for the recovery of money as the result of a claim for personal injury, wrongful death, or pursuant to Chapter 21 of Title 25 or Section 5 of Title 85 of the Oklahoma Statutes, any defendant may file with the court, at any time more than ten (10) days prior to trial, an offer of judgment for a sum certain to any plaintiff with respect to the action or any claim or claims asserted in the action. An offer of judgment shall be deemed to include any costs or attorney fees otherwise recoverable unless it expressly provides otherwise. If an offer of judgment is filed, each plaintiff to whom an offer of judgment is made shall, within ten (10) days, file:

a. a written acceptance or rejection of such offer, or

b. a counteroffer of judgment, as described in paragraph 2 of this subsection.

If the plaintiff fails to file a timely response, the offer of judgment shall be deemed rejected. The fact an offer of judgment is made but not accepted or is deemed rejected does not preclude subsequent timely offers of judgment.

. . . .

3. In the event the plaintiff rejects the offer(s) of judgment and the judgment awarded the plaintiff is less than the final offer of judgment, then the defendant filing the offer of judgment shall be entitled to recover reasonable litigation costs and reasonable attorney fees incurred by that defendant from the date of filing of the final offer of judgment until the date of the verdict.

¶10 The plain language of the statute unambiguously uses the singular forms of the phrases "any," "each," "the," and "a" preceding plaintiff or defendant. For example, § 1101.1(A) states:

[T]he defendant filing the offer of judgment shall be entitled to recover.

 [A]ny defendant may file with the court . . . an offer of judgment for a sum certain to any plaintiff;
 [E]ach plaintiff to whom an offer of judgment is made shall;
 If the plaintiff fails to file a timely response;
 In the event the plaintiff rejects the offer(s) of judgment; and

 

From the plain language of the statute, it is clear that the offer of judgment is to be made to only one plaintiff. The statute does not allow for a joint offer by a defendant to a group of plaintiffs.

¶11 CMI argues that this interpretation overlooks the legislative directive regarding the interpretation of statutes. Relying on 25 O.S.2021, § 25Cooper v. State ex rel. Dep't of Pub. Safety, 1996 OK 49917 P.2d 466

¶12 The practical policy considerations warranted by the specific provisions of § 1101.1(A) are more significant than the general principles of statutory interpretation argued by CMI. The three prior COCA cases highlight the context of § 1101.1(A) and the practical challenges that arise from offering plaintiffs unapportioned offers of judgment.

¶13 In Haddock, COCA highlighted the facts of the case to demonstrate the importance of apportioned offers of judgment. A wife was injured in a car accident and subsequently filed a negligence claim against the other driver. Her husband also sued the driver for loss of consortium. 2004 OK CIV APP 42Id. ¶ 17, 90 P.3d at 598.

¶14 Similarly in the Medlock case, four plaintiffs sued a locksmith and his company after the locksmith serviced a call to open a safe at the plaintiffs' office. Although the locksmith successfully opened the safe, he later discovered that he had inadvertently assisted in a theft. The four plaintiffs then sued the locksmith and his company for negligence, and the defendants made an unapportioned offer of judgment. 2005 OK CIV APP 72 COCA held the offer of judgment was invalid, emphasizing that there must be a sufficiently definitive offer so each plaintiff could decide whether to accept it. COCA concluded that the context of § 1101.1(A) appears to necessitate apportioned offers of judgment; otherwise, a single plaintiff could reject an offer of judgment and impose the penalty of attorney's fees on co-plaintiffs who are willing to accept that offer. Id. ¶ 15, 122 P.3d at 889. 

¶15 Finally, in Schommer, the defendant made an unapportioned offer to the plaintiffs in the amount of $10,000. The plaintiffs accepted, demanding $10,000 each. The defendant then objected to its own offer of judgment, arguing it was confusing and invalid. 2014 OK CIV APP 38Id. ¶ 11, 324 P.3d at 437.

¶16 These cases collectively present three practical policy reasons for requiring the defendant to apportion the settlement amount in multiple plaintiff cases, rather than offering a lump sum. First, courts need to easily compare the offer of judgment with the actual judgment amount. An unapportioned offer creates uncertainty as to whether the actual judgment received by an individual plaintiff was less than the plaintiff's share of the offer. Courts require two figures that can be easily compared. Without this clarity, courts will have to weigh the parties' claims and determine the apportionment of fees. To inject the court into the determination of what is a fair apportionment undermines the clear intent of the statute, which is to place the responsibility for apportionment on the parties and their attorneys.

¶17 Second, apportionment allows each plaintiff to independently evaluate the offer. Consequences flow from the rejection as well as the acceptance of an offer of judgment. It is important for each plaintiff to have a clear baseline to evaluate the merit of his or her claim in relation to the value of the offer. When there are multiple plaintiffs, it can be challenging for an individual to determine whether an unapportioned offer is reasonable for his or her specific claim. Each plaintiff should have the option to accept or reject the offer of judgment individually.

¶18 Third, allowing unapportioned offers of judgment in some cases can lead to gamesmanship as seen in Schommer, where the defendant objected to its own offer. This practice forces the parties to expend unnecessary time and money, ultimately draining judicial resources--precisely the issue that offers of judgment aim to resolve.

¶19 In this case, CMI's offer did not specify how the $300,000 would be apportioned between Lunn's individual claim, and the wrongful death claims Lunn brought on behalf of his three children. Lunn is the only living plaintiff, and the value of his individual claim for pain and suffering would differ from the value of his children's wrongful death claims. Additionally, the value of each child's claim could also differ from each other. See 12 O.S.2021, § 1053

¶20 We acknowledge CMI's argument that Lunn never apportioned the damage claims between Lunn, individually, and the estates of his three children. CMI pointed to the petition filed in this case and the discovery responses from Lunn that failed to distinguish separate damages. However, the Court maintains that a bright line rule must be established. Without such a rule, the inherent uncertainty could lead to more disputes, which the offer of judgment aims to prevent.

¶21 Considering the legislative intent behind the offer of judgment statute, along with practical considerations, we conclude that an unapportioned offer made to multiple plaintiffs--such as the one in this case--hinders each plaintiff's ability to assess the settlement offer in relation to the value of his or her claim. This creates confusion regarding how to allocate responsibility for the attorney's fees awarded after a judgment that is lower than the settlement offer. Although Lunn's individual claim is derived from his children's claims, it remains unclear from CMI's offer of judgment how much of the total offer pertains specifically to Lunn and how much is directed toward the estates of his children. Therefore, the district court was correct in its implicit finding that CMI's offer of judgment, which presented a single amount for acceptance by all plaintiffs jointly, was invalid under § 1101.1(A).

CONCLUSION

¶22 Although COCA correctly affirmed the district court, we granted certiorari to decide a question of first impression concerning the applicability of § 1101.1(A) in the circumstances of this case. We hold that an offer of judgment under § 1101.1(A) is valid only when it is apportioned among the plaintiffs in a lawsuit.

COURT OF CIVIL APPEALS' OPINION VACATED;
DISTRICT COURT'S JUDGMENT AFFIRMED.

CONCUR: Rowe, C.J., Winchester, Combs, Gurich, Darby, and Kane, J.J.

RECUSED: Kuehn, V.C.J.

NOT PARTICIPATING: Edmondson, J.

FOOTNOTES

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105